UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.S., by and through her parents, R.S. and J.S., and JODI STERNOFF, both on their own behalf, and on behalf of all similarly situated individuals,<br><br>     Plaintiffs,<br><br>  v.<br><br>REGENCE BLUESHIELD; and CAMBIA HEALTH SOLUTIONS, INC., f/k/a THE REGENCE GROUP,<br><br>     Defendants. | NO.  2:17-cv-1609<br><br>COMPLAINT<br>(CLASS ACTION)<br><br>**[REDACTED]** |

### I.  PARTIES

1. ***E.S.***  Plaintiff E.S. is the six-year-old daughter and dependent of R.S. and J.S. and resides in King County, Washington.  E.S. is insured under a Regence BlueShield insured health plan.  E.S. is diagnosed with hearing loss.

2. ***Jodi Sternoff.***  Plaintiff Sternoff is an adult diagnosed with hearing loss who resides in King County, Washington.  Sternoff is insured under a Regence BlueShield insured health plan.

**[REDACTED]**
COMPLAINT (CLASS ACTION) – 1

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

3.   ***Regence BlueShield.***  Regence BlueShield is an authorized health carrier based in King County and is engaged in the business of insurance in the State of Washington, including King County.  Regence BlueShield is a Washington corporation that does business in the State of Washington, including King County.  Regence BlueShield is a "health program or activity" that must comply with the Affordable Care Act, Section 1557.

4.   ***Cambia Health Solutions, Inc., f/k/a The Regence Group.***  Cambia Health Solutions, Inc., f/k/a The Regence Group ("Cambia") is the nonprofit sole member and corporate owner of Regence BlueShield.  Cambia is also the sole member and owner of other authorized health carriers engaged in the business of insurance in the State of Washington, including Regence BlueCross BlueShield of Oregon and BridgeSpan Health.  Based upon information and belief, Cambia is also a "health program or activity" that must comply with the Affordable Care Act, Section 1557.

5.   ***Relationship between Regence BlueShield and Cambia.***  Regence BlueShield and Cambia are "alter egos."  *See McKinnon v. Blue Cross-Blue Shield of Alabama,* 691 F. Supp. 1314, 1319 (1988), *aff'd,* 874 F.2d 820 (1989).  Regence BlueShield and the other authorized health carriers doing business in Washington that are wholly owned and/or managed by Cambia use the same or similar standard contracts for insured policies, and specifically, use the same or similar standard exclusions of coverage for hearing examinations, programs or treatment for hearing loss, the same standard definition of "medical necessity" and the same internal policies and procedures for determining when treatment for hearing loss is excluded.  For the purpose of this Complaint, both Regence BlueShield and Cambia are referred to as a single defendant, "Regence."

**[REDACTED]**
COMPLAINT (CLASS ACTION) – 2

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

## II. JURISDICTION AND VENUE

6. This action arises under the Patient Protection and Affordable Care Act ("Affordable Care Act" or "ACA") §1557, 42 U.S.C. §18116.

7. Jurisdiction of this Court also arises pursuant to 28 U.S.C. §§1331, 1343.

8. Venue is proper under 28 U.S.C. §1391(b)(1) and (2), because, *inter alia*, a defendant resides or may be found in this district and a substantial part of the events giving rise to the claims occurred in King County.

## III. NATURE OF THE CASE

9. Plaintiffs seek to end Regence's standard discriminatory practice of categorically excluding all benefits for treatment of hearing loss, except for cochlear implants. Specifically, Regence's insured health plans in Washington contain the following benefit exclusion:

> ***We do not cover routine hearing examinations, programs or treatment for hearing loss***, including but not limited to non-cochlear hearing aids (externally worn or surgically implanted) and the surgery and services necessary to implant them.

(emphasis added). (In this Complaint, the condition is referred hereafter to as "Hearing Loss" and Regence's exclusion as the "Hearing Loss Exclusion.") Regence excludes benefits for Hearing Loss even when the treatment is medically necessary to treat qualified individuals with disabilities such as the named Plaintiffs. Regence applies its Hearing Loss Exclusion even though it covers the same benefits for other health conditions, including coverage of outpatient office visits and durable medical equipment or prosthetic devices.

10. By categorically excluding insureds with Hearing Loss of all medical treatment related to their disability (except for cochlear implants), Regence

[REDACTED]
COMPLAINT (CLASS ACTION) – 3

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

engages in illegal disability discrimination. The Affordable Care Act prohibits discrimination on the basis of disability by covered entities, including health insurers like Regence. *See* 42 U.S.C. §18116. Specifically, Section 1557 provides that "an individual shall not, on the ground prohibited under … Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794) be excluded from participation in, *denied the benefits of* or be subjected to discrimination under *any health program* or activity…." 42 U.S.C. §18116(a) (emphasis added); 45 C.F.R. §92.101(a)(1); *see also* 45 C.F.R. §92.207(b)(2) ("A covered entity shall not, in providing or administering health-related insurance or other health related coverage … have benefit designs that discriminate on the basis of … disability."). As the federal regulators state, "an explicit, categorical (or automatic) exclusion or limitation of coverage for all health services related to [race, gender, age or disability] is unlawful on its face." 81 Fed. Reg. 31429.

11. Regence is a covered "health program or activity" that must comply with the Affordable Care Act's §1557.

12. Regence violates §1557 and engages in illegal discrimination on the basis of disability by designing its health plans to include a blanket Hearing Loss Exclusion.

13. This lawsuit seeks remedies under the Affordable Care Act arising out of Regence's failure to comply with §1557. It seeks a court order declaring Regence's blanket exclusion of benefits for Hearing Loss void and unenforceable, enjoining Regence from continuing to apply the Hearing Loss Exclusion and requiring corrective notice to all Regence insureds concerning its required coverage of Hearing Loss. It also seeks damages stemming from Regence's deliberate discriminatory exclusion of medically necessary care that, but for the application of its Exclusion, would otherwise be covered.

[REDACTED]
COMPLAINT (CLASS ACTION) – 4

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

#### IV.   CLASS ALLEGATIONS

14.   *Definition of Class*.  The class consists of all individuals who:

(1)   have been, are or will be insured under a health insurance plan that has been, is or will be delivered, issued for delivery, or renewed by (a) Regence; (b) any affiliate of Regence; (c) predecessors or successors in interest of any of the foregoing; and (d) all subsidiaries or parent entities of any of the foregoing, at any time on or after October 30, 2014; and

(2)   have required, require or will require treatment for Hearing Loss other than treatment associated with cochlear implants.

15.   *Size of Class*.  The class of Regence insureds who have required, require or will require treatment for Hearing Loss, excluding treatment associated with cochlear implants, is expected to be so numerous that joinder of all members is impracticable.

16.   *Class Representatives E.S. and Sternoff.*  Named plaintiffs E.S. and Sternoff are enrollees in a Regence insured health plan in the State of Washington.  Both have Hearing Loss that requires treatment other than with cochlear implants.  Both are "qualified individuals with a disability" under the Affordable Care Act and Section 504 of the Rehabilitation Act.  Both require outpatient office visits (such as to licensed audiologists) and durable medical equipment and/or prosthetic devices (such as hearing aids) to treat their Hearing Loss.  Regence has denied both named Plaintiffs' requests for coverage of their hearing aids and outpatient office visits to their audiologists because of Regence's blanket Hearing Loss Exclusion.  Plaintiffs' claims are typical of the claims of the other members of the class.  Plaintiff E.S., by and through her parents, and Plaintiff Sternoff, directly, will fairly and adequately represent the interests of the class.

17.   *Common Questions of Law and Fact*.  This action requires a determination of whether Regence's blanket Hearing Loss Exclusion violates the

[REDACTED]
COMPLAINT (CLASS ACTION) – 5

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

requirements of the Affordable Care Act's §1557 and discriminates against Plaintiffs on the basis of their disability, Hearing Loss. Adjudication of this issue will in turn determine whether Regence may be enjoined from enforcing the Hearing Loss Exclusion, and found liable under the Affordable Care Act for injunctive relief, classwide damages and other relief.

18. *Regence Has Acted on Grounds Generally Applicable to the Class.* Regence, by imposing a uniform, blanket exclusion of all coverage for Hearing Loss, has acted on grounds generally applicable to the class, rendering declaratory relief appropriate respecting the whole class. Certification is therefore proper under FRCP 23(b)(2).

19. *Questions of Law and Fact Common to the Class Predominate Over Individual Issues.* The claims of the individual class members are more efficiently adjudicated on a classwide basis. Any interest that individual members of the class may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism. Upon information and belief, there has been no class action suit filed against these defendants for the relief requested in this action. This action can be most efficiently prosecuted as a class action in the Western District of Washington, where Regence BlueShield has its principal place of business, does business, and where E.S. and Sternoff reside. Issues as to Regence's conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper under FRCP 23(b)(3).

20. *Class Counsel*. Plaintiffs have retained experienced and competent class counsel.

**[REDACTED]**
COMPLAINT (CLASS ACTION) – 6

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

## V. FACTUAL BACKGROUND

21. During the relevant time periods, E.S., Sternoff and members of the class have been insured in one or more Regence insured plans.

22. Plaintiffs E.S., Sternoff and other members of the class have been diagnosed with Hearing Loss, a physical impairment that limits a major life activity so substantially as to require medical treatment. As a result, E.S., Sternoff and other members of the class are "qualified individuals with a disability." *See* 28 C.F.R. §39.103.

23. Plaintiffs E.S., Sternoff and other members of the class have required, require and/or will require medical treatment for their Hearing Loss, excluding treatment with cochlear implants.

24. Regence is a "health program or activity" part of which receives federal financial assistance. 42 U.S.C. §18116; 45 C.F.R. §92.4. As a result, Regence is a "covered entity" under the Affordable Care Act, §1557.

25. Regence provided assurances to the U.S. Department of Health and Human Services that it complies with the requirements of §1557. *See* 45 C.F.R. §92.5.

26. Despite these assurances, Regence has designed, issued and administered Washington health plans that exclude all benefits for Hearing Loss, except for cochlear implants. Regence continues to do so, to date.

27. Based upon the Hearing Loss Exclusion, Regence has denied coverage of medically necessary treatment and equipment for E.S., Sternoff and other members of the class, solely because the requested treatment and equipment would treat their Hearing Loss.

28. As a result of its deliberate discriminatory actions, Regence insureds with Hearing Loss, like E.S. and Sternoff, do not receive coverage for medically necessary outpatient office visits to audiologists or for medically necessary hearing aids, a type of durable medical equipment or prosthetic device.

[REDACTED]
COMPLAINT (CLASS ACTION) – 7

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

29. Regence excludes all coverage for outpatient office visits and durable medical equipment to treat Hearing Loss, even though it covers outpatient office visits, durable medical equipment and prosthetic devices for other medical conditions.

30. The application of Regence's Hearing Loss Exclusion denies individuals with Hearing Loss the benefits and health coverage available to other insureds, based solely on their disability, Hearing Loss.

31. As a result, Plaintiffs E.S., Sternoff and members of the class have paid out-of-pocket for medically necessary treatment for their Hearing Loss, including audiology examinations and hearing aids. Other class members have been forced to forgo needed medical treatment due to Regence's conduct.

32. Plaintiff E.S. has pursued her administrative appeal rights under her Regence health plan, to no avail. While any further administrative appeal would be futile, no such appeal is required before this §1557 claim may be brought. *See* 45 C.F.R. §92.301(a); 81 Fed. Reg. 31441.

## VI.   CLAIM FOR RELIEF: VIOLATION OF AFFORDABLE CARE ACT §1557, 42 U.S.C. §18116

33. Plaintiffs re-allege all paragraphs above.

34. Section 1557, 42 U.S.C. §18116 provides that "an individual shall not, on the ground prohibited under … section 504 of the Rehabilitation Act of 1973 … be excluded from participation in, *denied the benefits of*, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance…."

35. Defendants receive federal financial assistance and are therefore a "covered entity" for purposes of Section 1557.

36. Plaintiffs are "qualified persons with a disability" under both Section 504 and Section 1557.

**[REDACTED]**
COMPLAINT (CLASS ACTION) – 8

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

37.     Persons like E.S. and Sternoff who have hearing loss are discriminated against by Regence because it applies the Hearing Loss Exclusion to deny coverage of medically necessary audiological examinations, a type of out-patient office visit, and coverage of medically necessary hearing aids, a type of durable medical equipment or prosthetic device.  Under the exclusion, only people with Hearing Loss, a qualifying disability, are denied access to the benefits that they require.  Out-patient office visits and durable medical equipment/prosthetic devices are covered for many other health conditions under Regence's policies.

38.     Defendants have continued to impose the Hearing Loss Exclusion, despite the warning from the U.S. Department of Health and Human Services that "[a]n explicit, categorical (or automatic) exclusion or limitation of coverage for all health services related to [a particular race, gender, age or disability] is unlawful on its face." *See* 81 Fed. Reg. 31429.

39.     By excluding coverage of all health care related to hearing loss, (except for cochlear implants), Regence has discriminated, and continues to discriminate against Plaintiffs and the class they seek to represent, on the basis of disability, in violation of Section 1557.

### VII.   DEMAND FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

1.     Certify this case as a class action; designate the named Plaintiffs as class representatives; and designate SIRIANNI YOUTZ SPOONEMORE HAMBURGER, Eleanor Hamburger and Richard E. Spoonemore, as class counsel;

2.     Enter judgment on behalf of the Plaintiffs and the class due to Regence's discrimination on the basis of disability;

[REDACTED]
COMPLAINT (CLASS ACTION) – 9

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

3. Declare that Regence may not apply the blanket Hearing Loss Exclusion and/or other contract provisions, policies or practices that wholly exclude or impermissibly limit coverage of medically necessary treatment solely on the basis of disability;

4. Enjoin Regence from applying the blanket Hearing Loss Exclusion and/or other violations of the Affordable Care Act now and in the future;

5. Enter judgment in favor of Plaintiffs and the class for damages in an amount to be proven at trial due to Regence's violation of Section 1557 of the Affordable Care Act;

6. Award Plaintiffs and the class their attorney fees and costs under 42 U.S.C. §1988; and

7. Award such other relief as is just and proper.

DATED: October 30, 2017.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER

 */s/ Eleanor Hamburger*
Eleanor Hamburger (WSBA #26478)

 */s/ Richard E. Spoonemore*
Richard E. Spoonemore (WSBA #21833)
  701 Fifth Avenue, Suite 3650
  Seattle, WA 98104
  Tel. (206) 223-0303; Fax (206) 223-0246
  Email: ehamburger@sylaw.com
            rspoonemore@sylaw.com
Attorneys for Plaintiffs

[REDACTED]
COMPLAINT (CLASS ACTION) – 10

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246