HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.S., by and through her parents, R.S. and J.S., and JODI STERNOFF, both on their own behalf and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>REGENCE BLUESHIELD; and CAMBIA HEALTH SOLUTIONS, INC., f/k/a THE REGENCE GROUP,<br><br>Defendants. | CASE NO. C17-01609 RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. # 11. Plaintiff's E.S. and Jodi Sternoff oppose the Motion. Dkt. # 14. For the reasons set forth below, the Court **GRANTS** Defendants' Motion. Dkt. # 11.

ORDER- 1

## II. BACKGROUND

The following is taken from Plaintiff's Complaint, which is assumed to be true for the purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

Plaintiff E.S. was six years old at the time this lawsuit was filed. She is the daughter and dependent of R.S. and J.S. and resides in King County, Washington. Dkt. # 1 at ¶ 1. Plaintiff Jodi Sternoff also resides in King County, Washington. *Id*. at ¶ 2. Defendant Regence BlueShield ("Regence") is an authorized health carrier engaged in the business of insurance in the State of Washington. *Id*. at ¶ 3. Defendant Cambia Health Solutions ("Cambia") is the nonprofit sole member and corporate owner of Regence. *Id*. at ¶ 4. Cambia also owns other authorized health carriers engaged in the business of insurance in the State of Washington. *Id*. Plaintiffs are insureds under a Regence health plan. *Id*. at ¶¶ 1, 2. Regence's insured health plans in Washington contain the following benefit exclusion: "We do not cover routine hearing examinations, programs or treatment for hearing loss, including but not limited to non-cochlear hearing aids (externally worn or surgically implanted) and the surgery and services necessary to implant them." *Id*. at ¶ 9.

Both Plaintiffs have been diagnosed with hearing loss. *Id*. Plaintiffs allege that they, and other members of the proposed class, have required, require and/or will require medical treatment for their hearing loss, excluding treatment with cochlear implants. *Id*. at ¶ 23. Plaintiffs further allege that they have paid out-of-pocket for medically necessary treatment for their hearing loss, including audiology examinations and hearing aids, because that treatment is not covered under their health plans. *Id*. at ¶ 31.

## III. LEGAL STANDARD

**A. FRCP 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual

allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV. DISCUSSION

Plaintiffs allege that that denial of health care benefits to insureds with hearing loss constitutes disability discrimination in violation of the Patient Protection and Affordable Care Act ("Affordable Care Act" or "ACA"), 42 U.S.C. § 18116(a).

Section 1557 of the ACA states that:

> Except as otherwise provided for in this title (or an amendment made by this title), an individual shall not, on the ground prohibited under title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.), title IX of the Education Amendments of 1972 (20 U.S.C. 1681 et seq.), the Age Discrimination Act of 1975 (42 U.S.C. 6101 et seq.), or section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency or any entity established under this title (or amendments). The enforcement mechanisms provided for and available under such title VI, title IX, section 504, or such Age Discrimination Act shall apply for purposes of violations of this subsection.

42 U.S.C.A. § 18116. Section 1557 references and incorporates section 504 of the Rehabilitation Act, which prohibits discrimination on the basis of disability. To state a claim under section 504, a plaintiff must demonstrate that he or she: 1) is a qualified

individual with a disability as defined in section 504; 2) was denied the benefits of a health program or activity which receives federal financial assistance; and 3) the denial was on the basis of his or her disability[1]. *Se. Pennsylvania Transp. Auth. v. Gilead Scis., Inc.*, 102 F. Supp. 3d 688, 699 (E.D. Pa. 2015). Plaintiffs allege that they are disabled due to hearing loss and that they were denied the benefits of their Regence BlueShield health plan on the basis of that disability. The parties do not dispute whether the ACA incorporates section 504 of the Rehabilitation Act. Instead, Plaintiffs argue that the ACA alters and expands the meaning of what it means to be "subject to discrimination."

The ACA's implementing regulations preclude discrimination in the provision or administration of health insurance on the basis of race, color, national origin, sex, age, or disability. 45 C.F.R. § 92.207(a). The regulations state that a covered entity shall not, in providing or administering health-related insurance or health-related coverage: "Have or implement marketing practices or benefit designs that discriminate on the basis of race, color, national origin, sex, age, or disability in a health-related insurance plan or policy, or other health-related coverage." 45 C.F.R. § 92.207(b). Defendants argue that the hearing loss coverage exclusion is not discriminatory because it applies equally to all Insureds, whether they are disabled or non-disabled. Plaintiffs allege the exclusion is a benefit design that constitutes a "deliberate discriminatory action" because it is a categorical exclusion of coverage based upon a disability. Dkt. # 1 at ¶ 28. The plan at issue does not cover "routine hearing examinations, programs or treatment for hearing loss, including but not limited to non-cochlear hearing aids (externally worn or surgically implanted) and the surgery and services necessary to implant them." Plaintiffs contend that the exclusion is discriminatory because the plan does cover medical office visits, durable medical equipment, and other surgeries, just not those related to hearing loss.

---

[1] Plaintiffs agree that the elements of a discrimination claim under the ACA are the same as those under the Rehabilitation Act. Dkt. # 17 at 11; Dkt. # 11 at 6.

The Supreme Court has held that a program or benefit receiving federal funds cannot, under section 504, be defined in a way that effectively denies disabled individuals meaningful access to the program or benefit and that reasonable modifications to the program or benefit may have to be made to provide the access to which the disabled are required. The grantee need not, however, fundamentally compromise the essential nature of the program to make it accessible or guarantee equality of access. *Alexander v. Choate*, 469 U.S. 287, 299-304 (1985). In *Alexander*, the Supreme Court found that the provision at issue did not invoke criteria that had a particular exclusionary effect on the disabled because it did not distinguish between the disabled and non-disabled in its coverage. *Id*.

Here, the hearing loss coverage exclusion is applied to all insureds, whether disabled or not. All routine hearing examinations and programs and treatments for hearing loss are excluded from coverage. These services and treatments are specifically related to hearing loss, and are not, as Plaintiffs claim, otherwise available to other plan participants who seek the same services or treatments in relation to a different health condition. The exclusion does not then deny Plaintiffs meaningful access to services that are easily accessible by others. *See Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996). Plaintiffs' definition of these services is overly broad, and in turn, would require insurers to offer coverage for all doctor's appointments or all durable medical devices regardless of the health condition, injury, or illness. This result would not be the type of "reasonable modification" contemplated by *Alexander* and there is nothing in the statute or its legislative history to suggest that this type of expansion was Congress' intent when enacting the ACA.

Plaintiffs also fail to allege that their disability was the basis of the denial of their claims for coverage. Plaintiffs' claims for coverage were denied because the benefits they sought were not covered by their insurance plan, not because of their disability. Under section 504, a disability is "a physical or mental impairment that substantially

limits one or more major life activities." 29 U.S.C. § 705(20(B). Courts have acknowledged that people can suffer from, and receive treatment for, temporary or mild forms of hearing loss at a level that does not substantially limit a major life activity and does not qualify as a disability under section 504. *See e.g. Santiago Clemente v. Exec. Airlines, Inc.*, 213 F.3d 25, 30 (1st Cir. 2000). Therefore, under section 504, hearing loss is not necessarily always a disabling condition. The hearing loss coverage exclusion applies to plan participants that suffer from hearing loss that are not disabled, as well as those that are disabled. A plan participant with hearing loss that is not disabled would still be denied coverage for the same hearing loss-related services and treatments. Therefore, the benefit design does not exclude all services and treatments on the basis of disability.

Plaintiffs contend that section 1557 now requires that the benefit design of health insurance plans not discriminate, "even when such discrimination is the result of thoughtlessness or indifference." Plaintiffs rely in large part on the preamble of the implementing regulations for section 1557 to support their argument. In issuing 45 C.F.R. § 92.207, the Department of Health and Human Services Office of Civil Rights ("OCR") responded to several comments submitted in response to the proposed version of the regulations. However, the language that Plaintiffs refer to is specific to issues related to gender transition and is in reference to 45 C.F.R. § 92.207(b)(4), which precludes insurers from excluding services related to gender transition. Dkt. # 14 at 13 (citing to 81 Fed. Reg. 31429 for the proposition that "an explicit, categorical (or automatic) exclusion or limitation for all health services related to gender transition is unlawful on its face."). While OCR commented that would take the "same general approach" when evaluating denials or limitations of coverage as that discussed in the proposed rule relating to coverage for health services related to gender transition, they clarified that the general approach would be that "OCR will evaluate whether a covered entity utilized, in a nondiscriminatory manner, a neutral rule or principle when deciding

to adopt the design feature or take the challenged action or whether the reason for its coverage decision is a pretext for discrimination." 81 Fed. Reg. 31433. This does not indicate that all references to "gender transition" in the preamble can be substituted with "hearing loss" and remain true, nor does it indicate that a categorical exclusion or limitation for health services related to any specific disability is automatically unlawfully discriminatory. OCR specifically declined to add language to the final rule prohibiting "categorical exclusions of certain conditions" to 45 C.F.R. § 92.207(b). Acknowledging that "categorical exclusions of all coverage related to certain conditions could raise significant compliance concerns under Section 1557," OCR stated their belief that the existing regulatory language was sufficient to address that scenario[2]. The regulations do not include language supporting Plaintiffs' theory of what constitutes disability discrimination in benefit design.

The above reasoning is also consistent with the conclusions of several federal district courts, who have rejected the contention that section 1557 creates new substantive rights apart from existing discrimination law and concluded that section 1557's incorporation of the enforcement mechanisms provided for and available under existing federal statutes demonstrate an intent to incorporate the standards applicable to each referenced statute. *See Se. Pennsylvania Transp. Auth. v. Gilead Scis., Inc*., 102 F. Supp. 3d 688, 699 (E.D. Pa. 2015); *Briscoe v. Health Care Serv. Corp.*, 281 F. Supp. 3d 725, 738 (N.D. Ill. 2017); *York v. Wellmark, Inc.*, No. 4:16-cv-00627-RGE-CFB (S.D. Iowa Sept. 6, 2017); *Doe v. BlueCross BlueShield of Tennessee, Inc.*, 2018 WL 3625012 (W.D. Tenn. July 30, 2018); *Schmitt, et al. v. Kaiser Foundation Health Plan of Washington, et al.*, No. 2:17-cv-1611-RSL (W.D. Wash. Sept. 14, 2018).

---

[2] The Court notes that not all coverage related to hearing loss is excluded from the benefit plan at issue. Plaintiffs allege that cochlear implants are not excluded. Therefore, the exclusion at issue is not a "categorical exclusion of all coverage". Dkt. # 1 at ¶ 10.

As Plaintiffs fail to allege facts that state a claim for disability discrimination in the denial of their desired benefits or the benefit design of their Regence BlueShield plan, Defendants' Motion to Dismiss is **GRANTED.**

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss. Dkt. # 11.

Dated this 24th day of September, 2018.

The Honorable Richard A. Jones
United States District Judge