HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.S., by and through her parents, R.S. and J.S., and JODI STERNOFF, both on their own behalf and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>REGENCE BLUESHIELD; and CAMBIA HEALTH SOLUTIONS, INC., f/k/a THE REGENCE GROUP,<br><br>Defendants. | CASE NO. C17-01609 RAJ<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. # 45. Plaintiff's E.S. and Jodi Sternoff oppose the Motion. Dkt. # 49. For the reasons set forth below, the Court **GRANTS** Defendants' Motion. Dkt. # 45.

## II.   BACKGROUND

Plaintiffs are insureds under a Regence BlueShield health plan. Dkt. # 42 at ¶¶ 8, 9. Regence's insured health plans in Washington contain the following benefit exclusion:

1  "We do not cover routine hearing examinations, programs or treatment for hearing loss, including but not limited to non-cochlear hearing aids (externally worn or surgically implanted) and the surgery and services necessary to implant them." *Id*. at ¶ 23. Regence's 2020 health plan purchased by Plaintiffs contains a similar provision, which provides: "Hearing aids (externally worn or surgically implanted) and other hearing devices are excluded. This exclusion does not apply to cochlear implants." *Id.* The provision further excludes "Routine Hearing Examination." *Id*.

Plaintiffs have been diagnosed with hearing loss. *Id*. at ¶ 42. Plaintiffs allege that they, and other members of the proposed class, have required, require and/or will require medical treatment for their hearing loss, excluding treatment with cochlear implants. *Id*. at ¶ 16. Plaintiffs further allege that they have paid out-of-pocket for medically necessary treatment for their hearing loss, including hearing aids and associated, because that treatment is not covered under their health plans. *Id*. at ¶ 48.

Following the Ninth Circuit's decision in this case, Plaintiffs filed an amended complaint. Dkt. # 32. The Court granted Defendants' motion to dismiss. Dkt. # 41. In this Second Amended Complaint (SAC), Plaintiffs bring claims under the Affordable Care Act § 1557, the Washington Law against Discrimination, the Washington Consumer Protection Act, and also seeks declaratory and injunctive relief. *See* Dkt. # 42.

### III.   LEGAL STANDARD

#### A.   FRCP 12(b)(6)

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV. DISCUSSION

### A. Claim under the Affordable Care Act (ACA) § 1557, 42 U.S.C. § 18116

The ACA "imposes an affirmative obligation not to discriminate in the provision of health care." *Schmitt v. Kaiser Found. Health Plan of Washington*, 965 F.3d 945, 955 (9th Cir. 2020). Health care insurers must not "design plan benefits in ways that discriminate against [disabled people]." *Id*. Under Section 1557 of the ACA, plaintiffs may plead a discriminatory design benefits claim. *See id*. at 958-60. Plaintiffs here allege "proxy" discrimination, intentional discrimination, and disparate impact. Dkt. # 42, ¶¶ 60-99.

Proxy discrimination "arises when the defendant enacts a law or policy that treats individuals differently on the basis of seemingly neutral criteria that are so closely associated with the disfavored group that discrimination on the basis of such criteria is, constructively, facial discrimination against the disfavored group." *See Schmitt*, 965 F.3d at 958 (quoting *Davis v. Guam*, 932 F.3d 822, 837 (9th Cir. 2019)). The crucial question is whether the proxy's "fit" is "sufficiently close" to make a discriminatory inference plausible. *Id.* at 959.

The Court sees nothing in the SAC to change its prior analysis that Plaintiffs have failed to allege a "sufficiently close" fit between the proxy and disabled insureds. Based

on the statistics incorporated in the SAC, which are unchanged from the prior amended complaint, the Exclusion does not "predominately affect disabled persons." It "predominately" or "primarily" affects non-disabled persons. Dkt. # 41 at 15 (stating that 66.5% of the hearing loss population—more than double—would not be disabled under the ADA and would also excluded by Regence's policy).

Moreover, the SAC also fails to allege sufficient facts on how the needs of hearing disabled persons differ from the needs of persons whose hearing is merely impaired such that the exclusion is likely to predominately affect disabled persons. *Schmitt*, 965 F.3d at 959 n. 8. Rather, the SAC implausibly treats individuals with no hearing loss and non-disabling hearing loss exactly the same, regardless of severity. *See* Dkt. # 42 at ¶ 81. Plaintiff provides no factual support for the conclusion that millions of individuals with a non-disabling hearing impairment only need "screenings, or at most, a diagnostic evaluation" *Id.* at ¶ 63. Without such facts, the complaint does not make clear to what extent the proxy is overinclusive. And while the complaint includes facts suggesting cochlear implants may not serve the needs of most individuals with a hearing disability, in totality the complaint fails to show that the "fit" between hearing loss and hearing disability is sufficiently close.

Nor have Plaintiffs plausibly shown intentional discrimination or disparate impact. Plaintiffs claim that Regence decided to forgo a formal medical and technology review and, instead, arbitrarily imposed a blanket exclusion on hearing aids, knowing that the services would otherwise be covered. Dkt. # 42 at ¶ 95. This conclusory statement is unsupported by any facts. Furthermore, Regence's coverage for cochlear implants cuts against Plaintiffs' assertion of intentional discrimination against hearing disabled individuals, which requires a showing of "deliberate indifference" or "discriminatory animus." *Schmitt*, 965 F.3d at 954 n.6. As for Plaintiffs' disparate impact theory, the Court maintains its prior analysis that all routine hearing examinations and programs and treatments for hearing loss are excluded from coverage. Dkt. # 41 at 10. Accordingly, the

Court cannot conclude that the hearing loss exclusion denies Plaintiffs meaningful access to services that are easily accessible by others under the Regence plan.

### B. Claim under the Washington Law Against Discrimination (WLAD)

RCW 48.43.0128 prohibits health carriers from discriminating against individuals due to "present or predicted disability" in both the design and implementation of its benefit design. But as the Court has previously stated, a claim under RCW 48.43.0128 would grant a private right of action for any violation of the insurance code—a novel and sweeping theory. Dkt. # 41 at 19. In the SAC, Plaintiffs now claim that a violation of RCW 48.43.0128 is "unfair discrimination" under RCW 48.30.300 and therefore subject to the WLAD.

RCW 48.30.300 prohibits insurers from discriminating "on the basis of the presence of any disability of the insured or prospective insured." A plan discriminates "on the basis" of a statutorily protected attribute when coverage turns exclusively on the presence or absence of that attribute. *See Johnson v. Met. Prop. & Cas. Ins. Co.*, 2010 WL 532449 (Wash. Ct. App. Feb. 16, 2010) (holding clause restricting coverage to insured's "spouse" violated RCW 48.30.300 because coverage turned "exclusively on marital status"). Here, Plaintiffs have not shown that coverage under the Regence plan turns on the basis of a hearing disability, and Plaintiffs have not asserted any plausible facts to show that Defendants' actions were plausibly motivated by invidious disability animus. Accordingly, Plaintiffs have not stated a claim under the WLAD.

### C. Claim under the Washington Consumer Protection Act

Plaintiffs claim that the exclusion of hearing aids constitutes a violation of the Washington Consumer Protection Act (CPA). In order to make a claim under the Washington CPA, plaintiffs must allege: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causes injury to the plaintiffs' business or property; and (5) causation. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 780, 719 P.2d 531 (1986). Cases discuss two

types of CPA claims: a per se deceptive trade practice claim and non-per se deceptive trade practice CPA claim.

Plaintiff alleges that Regence violated RCW 48.43.0128 because it drafted and implemented a benefit design that "discriminates against individuals because of their … present or predicted disability … or other health conditions." Again, having failed to show discrimination because of disability for the reasons above, Plaintiffs fail to state a CPA claim.

### D. Claims for declaratory and injunctive relief

Because Plaintiffs have failed to state any discrimination claims, they have not stated claims for declaratory and injunctive relief.

### V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss without prejudice. Dkt. # 41. The Court grants Plaintiffs leave to file an amended complaint within 21 days of the entry of this Order.

Dated this 16th day of March, 2023.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge