THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

E.S., by and through her parents, R.S. and
J.S., and JODI STERNOFF, both on their
own behalf, and on behalf of all similarly
situated individuals,

               Plaintiffs,

     v.

REGENCE BLUESHIELD; and CAMBIA
HEALTH SOLUTIONS, INC., f/k/a THE
REGENCE GROUP,

               Defendants.

No. 2:17-cv-01609-RAJ

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR
RECONSIDERATION OF DISMISSAL
OF STATE LAW CLAIMS**

## I. INTRODUCTION

Plaintiffs' Motion for Reconsideration of Dismissal of State Law Claims or, in the

Alternative, Certification of Question to the Washington Supreme Court (the "Motion," Dkt. 71)

argues that the Court should reconsider its dismissal of Plaintiffs' claims for violation of the

Washington Law Against Discrimination ("WLAD") and Washington Consumer Protection Act

("CPA") because (1) WAC 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(12) requires insurers to comply with both RCW

48.43.0128 and Section 1557 of the Affordable Care Act ("ACA"), and (2) WAC 284-43-

5642(1)(b)(vii) cannot override the plain language of RCW 48.43.0128's unambiguous language.

Plaintiffs are wrong on both counts.

/ / / /

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF
DISMISSAL OF STATE LAW CLAIMS - 1

1    First, WAC 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(12) requires compliance with "current state law" and

2    consistency with "federal rules and guidance" implementing the ACA, but Plaintiffs have not

3    identified any state law or any federal authority requiring coverage for hearing loss.  Nor has any

4    state or federal court held that exclusion of such coverage is discriminatory.  WAC 284-43-

5    5642(12) is limited to existing guidance and does not require the Washington Office of the

6    Insurance Commissioner ("OIC") to make its own determinations about the scope of the ACA's

7    anti-discrimination clause.  OIC has already determined that exclusion of coverage for hearing

8    loss is not discriminatory under state law, and that determination is entitled to deference.

9    Second, Plaintiffs' discussion about the priority of unambiguous statutory language is

10   irrelevant because no state or federal statute unambiguously requires coverage for hearing loss.

11   WAC 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 implements RCW 48.43.0128, and OIC's express allowance for exclusions

12   of coverage for hearing loss is therefore a determination by OIC that the exclusion is not

13   discriminatory.

14   For these reasons, defendants Regence BlueShield and Cambia Health Solutions, Inc.

15   (collectively, "Regence") respectfully request that the Court deny Plaintiffs' Motion.  In the

16   alternative, the Court should rule on Regence's other arguments for dismissal of the state law

17   claims, which the Court did not reach in its Order (Dkt. 68).  Finally, this issue does not warrant

18   certification to the Washington Supreme Court because it can be fully adjudicated based on

19   existing precedent and does not involve important public policy implications, but if the Court

20   does decide to certify the question, it should be accurately stated.

## II. ARGUMENT

### A.     Plaintiffs Have Not Presented Grounds for Reconsideration.

23   "Motions for reconsideration are disfavored.  The court will ordinarily deny such motions

24   in the absence of a showing of manifest error in the prior ruling or a showing of new facts or

25   legal authority which could not have been brought to its attention earlier with reasonable

26   diligence."  LCR 7(h)(1).  Plaintiffs' Motion presents no new facts and no legal authority that

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF
DISMISSAL OF STATE LAW CLAIMS - 2

1   was unavailable during briefing of Regence's Motion to Dismiss Plaintiffs' Third Amended

2   Complaint.  Plaintiffs' Motion is simply a second bite at the apple.  Regardless, because it fails to

3   demonstrate manifest error by the Court, it should be denied.

4   **B.     The Court Correctly Dismissed Plaintiffs' State Law Claims.**

5           In its Order dated March 19, 2024, this Court properly dismissed Plaintiffs' WLAD and

6   CPA claims on the grounds that the exclusion of coverage for hearing loss is expressly

7   authorized by WAC 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, which implements the anti-discrimination provision of the

8   Washington Insurance Code.  Plaintiffs' new arguments to the contrary are without merit.

9           **1.     WAC 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(12) Does Not Require Coverage of Treatment for Hearing
                      Loss.**

10

11          The plain language of WAC 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(1)(b)(vii) explicitly authorizes insurers to

12   exclude coverage for hearing loss and hearing aids: "A health benefit plan . . . is not required to,

13   include [coverage for] . . . [h]earing care, routine hearing examinations, programs or treatment

14   for hearing loss including, but not limited to, externally worn or surgically implanted hearing

15   aids," as part of its essential health benefits ("EHB") benchmark package.  This Court correctly

16   held that such "unequivocal direction" from OIC is entitled to deference and shows that

17   Regence's exclusion cannot be discriminatory under state law.  (Order, Dkt.68 at 10-11.)

18          Plaintiffs contend that, despite this clear authorization, WAC 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(12) overrides

19   the regulation's express authorization of exclusions for coverage of treatment for hearing loss.

20   (Motion at 1-4.)  Subsection 12 provides as follows:

21                  Each category of essential health benefits must at a minimum
                    cover services required by current state law and be consistent with
22                  federal rules and guidance implementing 42 U.S.C. 18116, Sec.
                    1557, including those codified at 81 Fed. Reg. 31375 et seq.
23                  (2016), that were in effect on January 1, 2017.

24   WAC 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(12).  Plaintiffs argue that this provision requires coverage of hearing aids

25   because both state law and federal guidance require such coverage.  Plaintiffs are wrong on both

26   counts.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF
DISMISSAL OF STATE LAW CLAIMS - 3

**STOEL RIVES LLP**
**ATTORNEYS**
760 SW Ninth Avenue, Suite 3000, Portland, OR  97205
*Telephone 503.224.3380*

1

      **a.    Legal Standards.**

2

      When interpreting regulations, courts follow the same framework as when interpreting a

3

statute:

4

> When interpreting an administrative regulation, we follow the
> general rules of statutory construction.  Our primary goal is to

5

> determine and give effect to the agency's intent and the
> regulation's underlying policies.  If the language of the regulation

6

> is clear, its plain meaning will reveal the agency's intent.  As with
> statutes, a regulation is to be considered as a whole, giving

7

> meaning to all of its parts.  Strained meanings and absurd results
> should be avoided.  When interpreting statutes and regulations,

8

> courts are not required to abandon their common sense.  If the
> language of the regulation is ambiguous in that it is subject to more

9

> than one reasonable interpretation, we may look to outside sources
> such as legislative history to determine the agency's intent.

10

11

*Clark v. City of Kent*, 136 Wash. App. 668, 672, 150 P.3d 161 (2007) (internal citations omitted).

12

      **b.    The Plain Language of WAC 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 Is Dispositive.**

13

      This Court does not need to proceed further than the regulation's plain language in order

14

to determine OIC's intent.  It expressly states that insurers are "not required" to provide coverage

15

for hearing loss and hearing aids.  WAC 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(1)(b)(vii).  Subsection 12 requires that

16

each category of EHB must (1) "cover services required by current state law" and (2) "be

17

consistent with federal rules and guidance implementing 42 U.S.C. 18116, Sec. 1557, including

18

those codified at 81 Fed. Reg. 31375 et seq. (2016), that were in effect on January 1, 2017."

19

Neither of these directives contradict the clear directive of subsection (1)(b)(vii).

20

      First, Plaintiffs have not identified any state law that requires coverage of hearing loss

21

and hearing aids.  They argue that RCW 48.43.0128 is such a statute, but WAC 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

22

*implements* RCW 48.43.0128.  Therefore, the regulation constitutes a determination by OIC that

23

exclusion of coverage for hearing loss is *not* discriminatory.  Plaintiffs' argument to the contrary

24

is circular.  They rely on the same statute their claim seeks to interpret as grounds for ignoring

25

clear contrary language in a regulation.  OIC has already spoken on this issue, and its

26

determination is entitled to deference.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF
DISMISSAL OF STATE LAW CLAIMS - 4

**STOEL RIVES** LLP
ATTORNEYS
760 SW Ninth Avenue, Suite 3000, Portland, OR  97205
*Telephone 503.224.3380*

1    Second, Plaintiffs have not identified any "federal rules [or] guidance implementing 42

2    U.S.C. 18116, Sec. 1557" that require coverage of hearing loss and hearing aids.  WAC 284-43-

3    5642(12).  Subsection (12) states that, if the U.S. Department of Health and Human Services

4    issues a rule or other guidance stating that Section 1557 *does* require such coverage, the

5    regulation will yield to that guidance, but OIC is not required to make its own determination as

6    to the scope of federal anti-discrimination law.  It has already determined that the exclusion of

7    coverage for hearing loss is not discriminatory under state law, and absent any contrary federal

8    guidance, subsection (12) does not change the plain language of subsection (1)(b)(vii).

9            c.      **The Concise Explanatory Statement Does Not Support Plaintiffs'**
                     **Argument.**
10

11    Even if the Court finds that the language of WAC 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 is ambiguous, the OIC

12    guidance cited by Plaintiffs does not support their position.

13    On January 16, 2020, OIC issued a Concise Explanatory Statement ("CES") related to the

14    enactment of WSR 20-03-114, which, *inter alia*, amended WAC 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.  (*See* Motion,

15    Dkt. 71, App. A.)  One of the questions inquired about the addition of the new subsection (12).

16    (*Id.* at 12 ¶ 5.)  The question first wrongly states that subsection (12) applies to "treatment for

17    hearing loss," and it then requests that OIC make "clear that the non-discrimination section

18    applies to all categories of essential health benefits."  (*Id.*)  OIC responds that the questioner

19    apparently "misread the EHB rule," clarifying that the rule's structure lists the EHB category,

20    describes what the benchmark plan covers and excludes, and then "require[s] coverage of

21    services that the benchmark plan (which was filed prior to the ACA) improperly excludes or

22    limits."  (*Id.*)

23    A review of the regulation's text and some of the changes implemented by WSR 20-03-

24    114 makes clear what OIC meant by this response.  Contrary to Plaintiffs' suggestion, subsection

25    (12) is not intended to contradict express requirements or exclusions that appear elsewhere in the

26    rule.  Instead, the rule specifically identifies which EHB categories in the base benchmark plan

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF
DISMISSAL OF STATE LAW CLAIMS - 5

1    contain exclusions that are improper under the ACA.  *See* WAC 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(3)(c)

2    (hospitalization category); WAC 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(5)(c) (substance abuse disorder services

3    category); WAC 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(9)(c) (preventive services category); WAC 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(10)(b)

4    (pediatric services).  In each of these, the rule specifically states that some of the exclusions

5    conflict with federal law and clarifies that they must be covered.  *See, e.g.*, WAC 284-43-

6    5642(9)(c) ("The base-benchmark plan establishes specific limitations on services classified to

7    the preventive services category that conflict with state or federal law as of January 1, 2017, and

8    should not be included in essential health benefit plans.").  This is what the CES means when it

9    says the rule *already* states which benefits "are improperly excluded."

10        The hearing loss/hearing aid exclusion appears in the "ambulatory patient services"

11   category, which does *not* include any language indicating that its exclusions conflict with federal

12   law.  WAC 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(1).  Plaintiffs therefore have it exactly backward.  The CES does not

13   mean that clear regulatory language can be ignored if someone thinks an exclusion is

14   discriminatory; it means OIC has already determined which exclusions conflict with federal law

15   and provided notice of those conflicts in the rule.  In fact, WSR 20-03-114, which the CES was

16   explaining, added this notice language to the "hospitalization" category in WAC 284-43-

17   5642(3)(c).  (Galloway Dec. ¶ 2, Ex. 1 at 5.)  OIC was therefore still evaluating the effect of the

18   ACA on the regulatory exclusions as recently as 2020 and did not change the provision allowing

19   exclusion of coverage for hearing loss.

20        In sum, WAC 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(1)(b)(vii) expressly and unambiguously allows the exclusion

21   of coverage for hearing loss and hearing aids under state law.  OIC has reviewed the rule for

22   compliance with Section 1557 but has not updated the hearing loss exclusion to require coverage

23   as it has with other exclusions.  OIC's rule and determination are entitled to deference, and the

24   Court was correct to dismiss Plaintiffs' state law claims on this basis.

25   / / / /

26   / / / /

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF
DISMISSAL OF STATE LAW CLAIMS - 6

1

**2.    No Statute Expressly Requires Coverage of Treatment for Hearing Loss.**

2       Plaintiffs next argue that the Court should not give deference to OIC's determination that

3  exclusion of coverage for hearing loss is not discriminatory because OIC has no authority to

4  contradict an unambiguous statute.  (Motion, Dkt. 71 at 4-5 (citing *O.S.T. v. Regence BlueShield*,

5  181 Wn.2d 691, 700 n.9 (2014)).)  This argument fails because RCW 48.43.0128 does not

6  unambiguously require coverage of hearing loss.  *O.S.T.* is inapposite because it involved OIC's

7  approval of a policy that was contrary to the plain language of a statute.  181 Wn.2d 691, 700

8  n.9.[1]  RCW 48.43.0128, however, does not contain plain language requiring coverage of

9  treatment for hearing loss; it is a general prohibition on discrimination in insurance.  Plaintiffs

10 again seek to start at the end by assuming that their claim has merit, but the statute is not

11 "unambiguous" as to its application to hearing loss, and OIC is authorized by law to enact

12 implementing rules based on its expertise.  RCW 48.02.060(1)(a).

13      The reasonableness of OIC's interpretation is highlighted by the fact that no state or

14 federal agency has issued guidance stating that exclusion of coverage for hearing loss is

15 discriminatory, nor has any court so held.  When OIC enacted WAC 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, it did not

16 contradict the plain language of RCW 48.43.0128; it determined that the exclusions allowed in

17 the regulation are not discriminatory, and that determination is entitled to deference.

18 **C.    The Court Should Decline Plaintiffs' Invitation to Certify the Question to the
19        Washington Supreme Court.**

20      The Court should not exercise its discretion to certify this question to the Washington

21 Supreme Court because the issue is fully resolvable on existing precedent, and it does not have

22 important public policy implications.  If, however, the Court is considering certification, it

23

24
_____
25      [1] The Court "assumed," for purposes of its opinion, that OIC approval of a policy form
   constituted an agency interpretation that would otherwise be entitled to deference.  *O.S.T.*, 181
26 Wn.2d at 700 n.9.  Here, the dispute turns on the meaning of an administrative rule, which is
   unquestionably entitled to deference as a general matter.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF
DISMISSAL OF STATE LAW CLAIMS - 7

1    should first rule on Regence's other arguments for dismissal of the state claims.  If the Court

2    decides to certify, it should state the issue more accurately than Plaintiffs' proposed framing.

3    **1.    This Issue Does Not Warrant Certification.**

4         The decision to certify a question to a state supreme court is within the discretion of the

5    district court.  *Louie v. United States*, 776 F.2d 819, 824 (9th Cir. 1985) (citing *Lehman Bros. v.*

6    *Schein*, 416 U.S. 386, 391 (1974)).  "The certification procedure is reserved for state law

7    questions that present significant issues, including those with important public policy

8    ramifications, and that have not yet been resolved by the state courts."  *Kremen v. Cohen*, 325

9    F.3d 1035, 1037 (9th Cir. 2003).  Based on these criteria, the Court should decline certification

10   here.

11        First, this issue can be fully adjudicated based on existing precedent.  Although no

12   Washington court has resolved the specific question here—whether the general anti-

13   discrimination provision in RCW 48.43.0128 overrides a specific determination by OIC that state

14   law allows exclusion of coverage for hearing aids—the principles on which the decision turns are

15   well established.  Existing precedent covers the interpretation of administrative rules and the

16   deference given to agency interpretations.  Application of these principles in this case does not

17   require the involvement of the Washington Supreme Court.

18        Second, this issue does not have important public policy ramifications because changes in

19   state and federal law since this case was filed have dramatically improved access to hearing aids.

20   As of October 17, 2022, the FDA has made over-the-counter hearing aids available, at a price

21   that is often significantly cheaper than prescribed hearing aids.  21 C.F.R. § 800.30; Medical

22   Devices; Ear, Nose, and Throat Devices; Establishing Over-the-Counter Hearing Aids, 87 Fed.

23   Reg. 50,698 (Aug. 17, 2022).  Furthermore, since the passage of House Bill 1222 in 2023,

24   Washington law now requires coverage for hearing aids at the level of $3,000 per ear every three

25   years.  RCW 48.43.135; RCW 41.05.831.  As a result, this case is now almost exclusively about

26   damages rather than prospective coverage requirements.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF
DISMISSAL OF STATE LAW CLAIMS - 8

1

**2.**     **If the Court Does Not Deny Plaintiffs' Motion Outright, It Should Address Regence's Other Arguments Against the State Law Claims.**

2

3      For the reasons above, the Court should deny Plaintiffs' Motion for Reconsideration, but

4   if it decides not to deny the Motion outright, it should first rule on Plaintiffs' other arguments

5   before deciding whether to certify the question to the Supreme Court.  In the Order under

6   reconsideration, the Court noted that Regence made three arguments against Plaintiffs' WLAD

7   claim, but because the second argument was dispositive, it did "not reach the other arguments."

8   (Order, Dkt. 68 at 10.)  The Court also ruled on Plaintiffs' CPA claim on the grounds that it rose

9   or fell with the WLAD claim.  (*Id.* at 11.)  To avoid a potentially unnecessary ruling from the

10   Supreme Court, if this Court reconsiders its ruling regarding WAC 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, it should

11   address Regence's other arguments before denying Regence's Motion to Dismiss or certifying

12   the question.

13      **3.**     **Alternatively, if the Court Does Certify, the Question Should Be Accurately Stated.**

14

15      Plaintiffs frame the question to be certified as follows: "Does a health carrier's

16   compliance with the essential health benefits benchmark design under WAC 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(1)-

17   (10) immunize it from liability under the Washington Law Against Discrimination and the

18   Washington Consumer Protection Act?"  (Motion, Dkt. 71 at 6-7.)  This framing misstates the

19   issue in two ways.

20      First, the issue here is not policy language that merely complies with EHB rules; it is

21   language based on OIC's express authorization of a specific exclusion.  The difference is

22   between conduct that is merely consistent with regulatory authority and conduct that is

23   specifically allowed by it.  Second, Regence has never argued that it is "immune" from liability.

24   Regence's position has consistently been that it has acted at all times in accordance with state

25   law as stated in the regulations implementing RCW 48.43.0128.

26   / / / /

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF
DISMISSAL OF STATE LAW CLAIMS - 9

**STOEL RIVES LLP**
**ATTORNEYS**
**760 SW Ninth Avenue, Suite 3000, Portland, OR  97205**
*Telephone 503.224.3380*

1       Regence does not agree that certification is warranted, but if the Court decides to certify

2  the question, Regence suggests the following wording: "Can an insurance carrier be held liable

3  for discrimination under the Washington Law Against Discrimination and the Washington

4  Consumer Protection Act for issuing a policy containing an exclusion that is specifically allowed

5  in WAC 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(1)-(10)?"

6                              **III. CONCLUSION**

7       For the reasons above, Regence respectfully requests that the Court deny Plaintiffs'

8  Motion for Reconsideration.

9       *I certify that this memorandum is less than 10 pages, in compliance with the Court's*

10  *Minute Order dated April 29, 2024.*

11       DATED:  May 13, 2024.                STOEL RIVES LLP

12

13                                            */s/ Stephen H. Galloway*
                                              Maren R. Norton, WSBA No. 35435
14                                            maren.norton@stoel.com
                                              Brad S. Daniels, WSBA No. 46031
15                                            brad.daniels@stoel.com
                                              Stephen H. Galloway, WSBA No. 55492
16                                            stephen.galloway@stoel.com

17                                            STOEL RIVES LLP
                                              600 University Street, Suite 3600
18                                            Seattle, WA  98101
                                              Telephone:  206.624.0900
19                                            Facsimile:  206.386.7500

20                                            Attorneys for Defendants

21

22

23

24

25

26

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF
DISMISSAL OF STATE LAW CLAIMS - 10

**STOEL RIVES** LLP
ATTORNEYS
760 SW Ninth Avenue, Suite 3000, Portland, OR  97205
*Telephone 503.224.3380*