1

2

3

4

5

6

7

8

9

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.S., by and through her parents, R.S. and J.S., and JODI STERNOFF, both on their own behalf and on behalf of all similarly situated individuals,<br><br>        Plaintiffs,<br><br>   v.<br><br>REGENCE BLUESHIELD; and CAMBIA HEALTH SOLUTIONS, INC., f/k/a THE REGENCE GROUP,<br><br>        Defendants. | NO. 2:17-cv-01609-RAJ<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR CERTIFICATION TO WASHINGTON STATE SUPREME COURT** |

## I.   INTRODUCTION

THIS MATTER comes before the Court on Plaintiffs' Motion for Reconsideration, or in the alternative, Certification of Question to Washington State Supreme Court ("Motion").  Dkt. # 71.  With permission from the Court, Defendants filed a Response. Dkt. # 76.  The Court has considered the Motion, Defendants' Response, the relevant portions of the record, and the applicable law.  For the reasons below, the Court **DENIES** the Motion.

## II. DISCUSSION

### A. Motion for Reconsideration

Under Local Rule 7(h), motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1). Manifest error is very nearly synonymous with "clear error" under Ninth Circuit precedent. *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (explaining that "[r]econsideration is appropriate" if "the district court committed clear error or the initial decision was manifestly unjust").

Plaintiffs assert that the Court erred in dismissing Plaintiffs' claims under the Washington Law Against Discrimination ("WLAD"), the Washington Consumer Protection Act ("CPA"), and state law claim for declaratory relief. Dkt. # 71. Plaintiffs do not argue that this Court committed a manifest error or the initial decision was manifestly unjust. Plaintiffs advance two arguments as to why the Court should reconsider its decision, neither of which were addressed in Plaintiffs' Opposition to Defendants' Motion to Dismiss Third Amended Complaint. *See* Dkt. # 60.

Plaintiffs' arguments could have been brought to the Court's attention earlier with reasonable diligence. LCR 7(h)(1). Plaintiffs cite to caselaw and legislative authority which could have been raised earlier. As discussed below, Plaintiffs have not presented adequate grounds for reconsideration.

This Court did not commit manifest error by dismissing Plaintiffs' state law claims. This Court properly considered the plain language of WAC 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(1)(b)(vii) and determined that the regulation explicitly states that the coverage for "externally worn or surgically implanted hearing aids" was not required by the essential benefits plan. *See* Dkt. # 68 at 10-11.

ORDER - 2

Plaintiffs do not present new legal authority that would warrant reconsideration. Plaintiffs have not identified federal rules or guidance implementing 42 U.S.C 1888, Sec. 1557 that would require coverage of the hearing aids at issue or change the plain language of WAC 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(1)(b)(vii). Therefore, the Court DENIES Plaintiffs' Motion for Reconsideration.

**B.   Motion to Certify Question**

Federal courts in Washington may certify questions to the Washington Supreme Court:

> When in the opinion of [the] court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

Wash. Rev. Code § 2.60.020.  "There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision.  A party should not be allowed 'a second chance at victory' through certification by the appeals court after an adverse district court ruling."  *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) (quoting *In re Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)).  Certification is within the Court's discretion.  *See Micomonaco v. State of Wash.*, 45 F.3d 316, 322 (9th Cir. 1995).

Plaintiffs ask the Court to certify the following question: Does a health carrier's compliance with the essential health benefits benchmark benefit design under WAC 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(1)-(10) immunize it from liability under the Washington Law Against Discrimination and the Washington Consumer Protection Act?  Dkt. # 71 at 7-8. Plaintiffs assert that the "issue of whether compliance with the EHB benchmark immunizes a carrier from claims of disability discrimination has implications far beyond this case" because

"there are multiple ways the EHB benefit design could be read as discriminating against classes of Washington insureds," implicating a "critical state concern." *Id*. at 7.

The Court acknowledges the importance of preventing discrimination in insurance transactions. However, Plaintiffs only requested certification of the question after receiving an adverse decision for the Court and have not overcome the presumption against such post hoc requests for certification. *See Thompson*, 547 F.3d at 1065. Additionally, as raised in Defendants' Response, as of 2023, "Washington law now requires coverage for hearing aids at a level of $3,000 per ear every three years," thus this case mostly concerns "damages rather than prospective coverage requirements." *See* Dkt. # 76 at 8 (citing RCW 48.43.135; RCW 41.05.831). Therefore, Plaintiffs' request to certify a question to the Washington Supreme Court is DENIED.

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Reconsideration. Dkt. # 71.

DATED this 17th day of May, 2024.

The Honorable Richard A. Jones
United States District Judge