The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.S., by and through her parents, R.S. and J.S., and JODI STERNOFF, both on their own behalf, and on behalf of all similarly situated individuals,<br><br>                    Plaintiffs,<br><br>        v.<br><br>REGENCE BLUESHIELD; and CAMBIA HEALTH SOLUTIONS, INC., f/k/a THE REGENCE GROUP,<br><br>                    Defendants. | NO. 2:17-cv-01609-RAJ<br><br>PLAINTIFFS' UNOPPOSED MOTION:<br><br>(1) FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT;<br><br>(2) FOR APPROVAL OF CLASS NOTICE PACKAGE; AND<br><br>(3) TO ESTABLISH A FINAL SETTLEMENT APPROVAL HEARING AND PROCESS<br><br>**Note on Motion Calendar: September 25, 2025** |

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT, ETC.
[Case No. 2:17-cv-1609-RAJ]

**TABLE OF CONTENTS**

I.    INTRODUCTION...........................................................................................1

II.   EVIDENCE RELIED UPON....................................................................3

III.  FACTS............................................................................................................3

      A.   Named Plaintiffs...........................................................................3

      B.   Regence's Hearing Exclusion....................................................4

      C.   Procedural Facts...........................................................................4

      D.   Discovery and Settlement Negotiations.................................5

IV.   OVERVIEW OF THE SETTLEMENT AGREEMENT........................6

      A.   The Agreement Provides for Retrospective Relief for
           Insureds Who Required Hearing Aids and Associated
           Services........................................................................................6

      B.   *Pro Rata* Reduction......................................................................9

      C.   *Cy Pres* Distribution....................................................................9

      D.   Plaintiffs' Releases....................................................................10

      E.   Attorney Fees, Costs, and Incentive Awards .......................10

V.    LAW AND ARGUMENT.........................................................................10

      A.   Legal Standards for the Approval of a Class Action
           Settlement Agreement..............................................................11

      B.   Plaintiffs' Case Is Strong, But the Risk that Litigation
           Could Go on for Even More Years Was Also High.............13

      C.   The Amount Offered in Settlement Is Fair, Adequate and
           Reasonable..................................................................................14

      D.   The Settlement Agreement Provisions Governing
           Attorney Fees and Costs Are Fair and Reasonable ...........15

      E.   The Settlement Agreement's Incentive Award Provision Is
           "Fair, Adequate and Reasonable"...........................................16

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – ii
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

F.    The *Cy Pres* Provision Is Reasonable ................................................. 17

G.    The Settlement Was the Result of Arm's-Length Negotiations ................................................................. 18

H.    There Was Sufficient Discovery ..................................................... 18

I.    Class Counsel are Experienced in Similar Litigation and Recommend Settlement ................................................... 19

J.    The Proposed Notice, Opportunity to Submit Objections and Fairness Hearing Are Sufficient to Safeguard the Interests of Class Members ................................................ 19

K.    A Final Approval Hearing Should Be Set ....................................... 19

L.    Proposed Scheduling Order ........................................................ 20

VI.   CONCLUSION ........................................................................ 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – iii
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

## I. INTRODUCTION

After years of extensive litigation, including a successful appeal to the Ninth Circuit Court of Appeals (*E.S., et al. v. Regence BlueShield, et al.,* 812 F. App'x. 539 (9th Cir. 2020), the parties have reached a classwide settlement of this dispute. This Motion seeks preliminary approval of the proposed settlement agreement (the "Agreement"), approval of the notices to be sent to potential class members, and the setting of a schedule for a hearing on final approval. This Motion is brought simultaneously with an unopposed motion to certify a settlement class.[1]

Plaintiffs E.S, by and through her parents R.S. and J.S., and Jodi Sternoff, each on their own behalf and on behalf of similarly situated insureds, (collectively "Plaintiffs") brought this class action lawsuit against Regence Blue Shield and Cambia Health Solutions, Inc. f/k/a the Regence Group. (collectively, "Regence" or "the Defendants"). Plaintiffs have disabling hearing loss that requires treatment with hearing aids and associated services. Plaintiffs seek coverage for medically necessary hearing aids and associated services for themselves and other Regence Washington insureds with hearing disabilities who require hearing aids and associated services to address their hearing disabilities.

Plaintiffs and the proposed settlement class are or were enrolled in Regence insured health plans in Washington that applied a categorical exclusion of hearing aids and associated treatment or an extreme limitation on coverage of hearing aids and associated services (the "Exclusion"). While the precise language of the Exclusion changed over time, the effect has been consistent—the exclusion of hearing aids and the outpatient services associated with them, or in the case of Regence's extremely limited

---

[1] While the relief sought in this motion and the motion to certify the settlement class are not opposed, Defendants do not necessarily agree with the Plaintiffs' statement of facts or law in either motion.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT ETC. – 1
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

coverage since 2020 in some health plans, a virtual exclusion. It is that Exclusion that Plaintiffs challenge.

The parties engaged in extensive direct negotiations throughout the fall and winter of 2024–2025. After a robust mediation with Louis Peterson, Esq. on April 3, 2025, the parties made significant progress but were unable to reach a settlement at that time. Ongoing assistance from Mr. Peterson was required to continue the discussions, until the parties were able to finally reach a settlement in mid July 2025. The final agreement was fully executed on July 31, 2025. *See* Agreement to Settle Claims (*Appendix 1*).

Under the terms of the Agreement, Defendants will provide funds to be used for broad retrospective relief to a settlement class of enrollees in Regence insured health plans in Washington state that contained a hearing aid exclusion or limitation between October 30, 2014 and December 31, 2025.[2] *See App. 1*, §§ 1.6.1 (defining "Settlement Class Members"), 1.7 (defining "Settlement Class Period"), 1.17 (defining "Reimbursement Claim"). Specifically, the Settlement Agreement establishes a $3,000,000 settlement fund to pay a *pro rata* (percentage) of valid and approved past claims (whether previously submitted or not) for out-of-pocket expenses Plaintiffs and settlement class members incurred for hearing aids and associated services (e.g., outpatient visits with a licensed audiologist to fit, adjust the auditory profile of, and train patients on the operation of hearing aids). Based on the damages analysis by Plaintiffs' expert, Frank G. Fox, Ph.D., and the claims processes in other class actions, class counsel anticipates that the settlement fund will be sufficient to pay all valid and approved claims at approximately 30–60%, after payment of attorney fees, litigation costs and class contribution awards,

---

[2] The settlement class definition excludes enrollees in Regence non-grandfathered large group Washington insured health plans after January 1, 2024, which were required to provide coverage pursuant to RCW 48.43.135 (1). *See App. 1*, § 1.6.1. Although the mandated coverage includes a $3,000 per ear, every three years limitation, the parties agree that for the vast majority of people with hearing loss, this constitutes full coverage. Spoonemore Decl. ¶12.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 2
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

depending upon the number and nature of claims submitted. *See* Declaration of Richard E. Spoonemore ¶¶10-11 (providing a more detailed analysis). Plaintiffs will report to the Court a more precise *pro rata* payment rate before the fairness hearing in this matter. *Id.*

Prospective relief is fully addressed by recent legislative changes. *See* RCW 48.43.135. Starting in January 1, 2026, all Washington insured health plans must cover hearing aids and associated services, at no less than $3,000 per ear every three years, coverage that is generally considered sufficient to meet the needs of most insureds with hearing loss. *Id.*; Spoonemore Decl. ¶12.

Accordingly, Plaintiffs move for an Order preliminarily approving the Agreement. In particular, pursuant to Fed. R. Civ. P. 23(e), Plaintiffs hereby move the Court to:

(a)    preliminarily approve the Agreement;

(b)    authorize sending notice and claims documents to class members; and

(c)    establish a final settlement approval hearing and process.

## II.   EVIDENCE RELIED UPON

Plaintiffs rely on the Declaration of Richard E. Spoonemore and any documents in the record referred to herein. While Defendants do not oppose this motion, they do not necessarily agree with the facts or legal conclusions alleged herein.

## III.   FACTS

### A.    Named Plaintiffs

Plaintiffs Sternoff and E.S. are diagnosed with hearing impairments for which they require treatment with hearing aids and associated services. Spoonemore Decl. ¶13. Both were and are enrolled in a Regence non-grandfathered health plan subject to the Affordable Care Act's anti-discrimination law, 42 U.S.C. § 18116 (called "Section 1557" or "§1557"). Dkt. No. 54, ¶119. Plaintiffs' Regence health plans, like those of class

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 3
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

members, excluded all coverage for hearing aids and related services, when this case was first filed, and then offered only extremely limited coverage for hearing aids. Spoonemore Decl. ¶13.  As a direct result, both Plaintiffs paid out of pocket for their hearing aids and related services.

**B.     Regence's Hearing Exclusion**

Regence historically excluded all coverage for hearing treatment, just as it did for treatment of certain other disabilities and chronic health conditions.  *Id.* ¶14. Eventually, a narrow exception for cochlear implants (CIs) was added.  *Id.*  After this lawsuit was filed, in 2020, Regence rewrote its exclusion to exclude all coverage for hearing aids and associated services.  *Id.*  And in certain health plans, inadequate coverage of up to $1,000 per year was provided for hearing aids.  *Id.*

Regence admitted that it covered hearing aids as medically necessary in some health plans, conceding that hearing aids can be clinically effective.  *See* Dkt. No. 80, ¶71; https://news.regence.com/blog/expanding-access-to-hearing-aids-helps-people-overcome-much-more-than-hearing-disability (last visited 9/5/25). Regence did not proffer any clinical justification for its design and administration of the Exclusion. Spoonemore Decl., ¶18.

**C.     Procedural Facts**

This case was filed on October 30, 2017, on behalf of Plaintiffs E.S., by and through their parents R.S. and J.S., as well as Jodi Sternoff,  and similarly situated individuals. Dkt. No. 1.  Plaintiffs alleged that Defendants' exclusion of coverage for hearing loss violated Section 1557 of the ACA, 42 U.S.C.§ 18116.  *Id.*

On January 19, 2018, Regence moved to dismiss Plaintiffs' Claims.  Dkt. No. 11. After briefing was completed, the Court granted Defendants' Motion to Dismiss. Dkt. No. 22.  An appeal was taken and, on July 14, 2020, the Ninth Circuit reversed in part and remanded the case, directing the trial court to allow Plaintiffs to amend their

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 4
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

Complaint in accordance with the panel's decision in *Schmitt v. Kaiser Health Plan of Wash.*, 965 F.3d 945 (9th Cir. 2020). *See E.S. v. Regence Blueshield*, 812 F. App'x. 539 (9th Cir. 2020).

On October 13, 2020, Plaintiffs filed their Amended Complaint, and added a claim that Regence's creation and implementation of the Hearing Loss Exclusion violated RCW 48.43.0128 and breached Regence's insurance contracts with their insureds. Dkt. No. 32, ¶¶126-129.

On December 11, 2020, Regence moved to dismiss the Plaintiffs' Amended Complaint. Dkt. No. 37. On January 31, 2022, the Court granted the Motion based on the conclusion that Plaintiffs had failed to adequately plead a claim of "proxy" discrimination under Section 1557.  Dkt. No. 41, p. 16. At the same time, the Court dismissed with prejudice Plaintiffs' state law breach of contract claim based on an alleged violation of the State's insurance anti-discrimination law RCW 48.43.0128. Dkt. No. 41, pp. 16–19. The Court, however, granted leave to amend the federal claim. *Id.*

**D.      Discovery and Settlement Negotiations**

During the years since this case was commenced, the parties exchanged substantial informal discovery and engaged in extensive motions practice including four motions to dismiss, and an appeal to the Ninth Circuit.  *See* Dkt. Nos. 11, 22, 27, 32, 41, 45, 53, 54, 68; Spoonemore Decl. ¶¶3-4, 9. After Regence responded to the first round of formal discovery, but before it completed its document production, the parties agreed to exchange substantial data related to damages and additional informal discovery pursuant to ER 408 in order to engage in settlement discussions.  *Id.*

On April 3, 2025, the parties engaged in a mediation facilitated by Louis Peterson, Esq.  *Id.*, ¶5.  At the conclusion of the mediation, the parties agreed to continue to negotiate and attempt to reach agreement on all of the terms of the Settlement, but for the financial terms.  *Id.* By May 27, 2025, the parties had reached agreement on the

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 5
[Case No. 2:17-cv-1609-RAJ]

Sirianni Youtz
Spoonemore Hamburger pllc
3101 Western Avenue, Suite 350
Seattle, Washington  98121
Tel. (206) 223-0303   Fax (206) 223-0246

proposed Settlement, excluding the financial terms. *Id.,* ¶6. With Mr. Peterson's continued assistance, the parties succeeded at coming to an agreement on the financial terms of the Agreement, by mid July 2025, and the Agreement was fully executed on July 31, 2025. *Id.; see App. 1.*

## IV.  OVERVIEW OF THE SETTLEMENT AGREEMENT

This "Overview" section provides a summary of the key terms of the proposed Settlement Agreement. The "Law and Argument" section of this brief then addresses why the Court should preliminarily approve the agreement and authorize the class notice package to be sent.

### A.    The Agreement Provides for Retrospective Relief for Insureds Who Required Hearing Aids and Associated Services

The Settlement Agreement provides for a $3,000,000.00 fund from which payments will be made for class members' claims for uncovered hearing aids and associated services during the class period. *App. 1,* ¶¶1.19, 6.2.1.1, 6.2.1.2.

Based on an informal expert analysis conducted by Dr. Fox that was shared with Regence, and class counsel's experience with other class action settlements, Plaintiffs' counsel anticipates that the Settlement Amount will be sufficient to ensure coverage of claims at 30–60% of the qualified claims submitted. Spoonemore Decl. ¶¶10-11. *See, e.g., Schmitt v. Kaiser Found. Health Plan of Wash.,* No. 2:17-cv-1611-RSL, 2024 U.S. Dist. LEXIS 71166, at *7 (W.D. Wash. Apr. 18, 2024) (in sister litigation with similar settlement fund, claims were estimated to be paid at 44-45% of total *unadjudicated* claims); *Id.,* Dkt. No. 188 (final *pro rata* percentage paid was 50.78%).

In consultation with Defendants' counsel, Plaintiffs' counsel solicited and selected a bid from Epiq (*see* https://www.epiqglobal.com/en-us) to serve as the Notice and Claims Processor to administer the $3,000,000 settlement amount to be paid to settlement class members and to cover specified claims administration and litigation costs, fees, and incentive awards. *App. 1,* §§ 1.2, 2.2.3.1, 6.1.1–6.1.6. Epiq served as the Claims Processor

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 6
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

of the similarly structured *Schmitt* Settlement Fund, and is able to efficiently and effectively perform similar duties here. Spoonemore Decl. ¶7.

The Claims Processor will process and pay two types of claims: (1) denied claims that were previously submitted and denied by Regence and (2) claims never previously submitted to Regence for payment during the class period. *Id.,* ¶¶1.17, 1.17.1, 1.17.2.

Class members with previously denied claims will not be required to submit documentation to support their claims but will only be required to verify the out-of-pocket expenses they actually incurred for hearing aids and associated services during the class period. *Id.,* ¶6.4.1.2(b). They will access an online pre-populated claim form that they can confirm, or for class members who are unable to access the online form, written pre-populated claim forms will be provided. Verification of expenditure is necessary to confirm that the class member suffered an out-of-pocket loss, *e.g.,* secondary insurance did not pay, the provider did not waive some charges, or that the services were actually obtained and not forgone after a preauthorization denial.

For claims that were not previously submitted to Regence, a class member can make a claim by filling out an online claim form. A claim need only include certain basic elements of *prima facia* proof, such as the fact that the hearing aid was prescribed or recommended by a hearing professional and purchased within the class period, along with an identification of the hearing aid type and the amount they paid for the hearing aid and associated services. *Id.,* ¶¶6.4.1.1, 1.17.1, 1.17.2. To receive reimbursement for out-of-pocket expenses for hearing aids and associated services, class members must also verify that their claims were not covered by other insurance and have not been paid or reimbursed by another person or entity. *Id.*, ¶6.4.2.3.

The Notice and Claims Processor shall send all Regence enrollees during the class period either an email with the long form Notice, or if no email is available, by U.S. Mail a postcard with the short form Notice of the proposed settlement. The Notices will direct

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 7
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

the class members to the online claim form and related instructions, and will explain how class members may obtain physical copies of such documents. *Id.*, ¶¶2.2.2–2.2.3.2.[3] The long form notice will also be available to all class members online, and can be mailed with a physical copy of the claim form and instructions to class members at their request.

The Notice and Claims Processor will review all claims for their inclusion and verification of the above information. *Id.*, ¶¶6.4.2, 6.4.2.1–6.4.2.3, 6.4.5.1. The Claims Processor will also confirm that the class member was enrolled in a Regence Washington insured plan that contained an Exclusion during the class period and at time of services provided. *Id.* The Processor must provide a class member who has a deficient claim form an opportunity to cure any problems and shall provide class counsel with notice of the claim's deficiency; Class counsel is empowered to assist the class member in curing or otherwise making any claim. *Id.*, ¶¶6.4.3, 6.4.4. Any dispute concerning whether a claim should be granted or denied is subject to binding arbitration before (ret.) Judge Paris Kallas. *Id*, ¶¶6.4.5.1, 6.4.7.

Class members who previously submitted claims will view an online pre-populated claim form that in which they need only verify that they paid the listed claim(s) (as opposed to secondary insurance paying), and that the amount they paid is the same as indicated on the pre-populated claim form. Those Class members can also file for additional reimbursement under the claims process by including additional charges that they may not have submitted. Some individuals may have stopped submitting claims after denial, and this process permits them to seek sums in addition

---

[3] Class members for whom Defendants have an email address, from the class member's current or prior enrollment in a Regence plan, shall initially be sent the Settlement Notice and Claims packet via email, consonant with Fed. R. Civ. P. 23(c)(2)(B). *App. 1*, ¶2.2.3.1. If Defendants have no email address for a class member, or if the emailed notice is returned undelivered, the Claims Processor shall send the class member the short-form notice via U.S. Mail. *Id.; Appendix* 2b. The post-card notice includes directions to obtain online relevant documents, such as the long-form notice and claims forms, in addition to other information about the settlement process. *Id.*

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 8
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

to the amount on the pre-populated form.  Individuals with claims who never submitted them will be eligible for payment from the settlement fund upon submission of a claim form verifying the elements of the claim.  The proposed notice and claims process is functionally identical to those approved by the Court in *Schmitt, et al. v. Kaiser Found. Health Plan of Wash., et al.,* No. 2:17-cv-0611-RSL, Dkt. No. 171 (W.D. Wash. Dec. 11, 2023), *as amended by Schmitt,* No. 2:17-cv-0611-RSL, Dkt. No. 173 (W.D. Wash. Dec. 13, 2023). Spoonemore Decl. ¶8.  *See also Z.D. v. Grp. Health Coop.,* 2014 U.S. Dist. LEXIS 14376, at *3 (W.D. Wash. Feb. 5, 2014); *R.H. v. Premera BlueCross,* 2014 U.S. Dist. LEXIS 108503 (W.D. Wash. Aug. 6, 2014) (similar claims processes in settlement of health insurance disputes).

## B.   *Pro Rata* Reduction

Based on Plaintiffs' counsel's experience in the *Schmitt* settlement process, Plaintiffs' counsel does not anticipate that all valid and approved claims will be paid in full.  If there are insufficient funds to pay all claimants in full after fees, costs, incentive awards, and specified expenses are paid, then all such claimants will receive a *pro rata* (percentage) distribution of their approved claimed amount.  *App. 1*, ¶¶6.5. 6.7. Based on Plaintiffs' counsel's past experience in similar health care class action settlements, particularly in *Schmitt,* counsel believes that qualifying class member claimants will receive *pro rata* reimbursement at 30–60% of their claims. Spoonemore Decl. ¶¶10-11 (in *Schmitt,* the reimbursement was at about 50% of approved claims).  Plaintiffs' counsel will report a more specific anticipated *pro rata* rate in advance of the fairness hearing.  *Id.*

## C.   *Cy Pres* Distribution

In the unlikely event that there are funds remaining after the payment of claims, those funds will be distributed to the Washington State Communication Access Project, a nonprofit organization dedicated to enabling persons who are hard of hearing to fully enjoy public venues (https://wash-cap.com) and in honor of  John Waldo, one of

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 9
[Case No. 2:17-cv-1609-RAJ]

Sirianni Youtz
Spoonemore Hamburger pllc
3101 Western Avenue, Suite 350
Seattle, Washington  98121
Tel. (206) 223-0303   Fax (206) 223-0246

Plaintiffs' counsel who passed away in September 2023. Mr. Waldo dedicated his career to advocacy on behalf of people who are deaf or hard of hearing. *See* https://hearingloss-wa.org/in-deeply-respectful-memory-of-hearing-loss-hero-john-waldo-esq/ (last visited 9/4/25). *See App. 1*, ¶6.6. If the funds available for *cy pres* exceed $300,000 then the funds above $300,000 will go to the Legal Foundation of Washington to be distributed to charitable organizations that provide advocacy on behalf of people who are deaf or hard of hearing. *Id.* Any organization receiving *cy pres* funds must report to the Court and the parties as to how the funds were used. *Id.*

**D.    Plaintiffs' Releases**

If approved (and in return for the benefits under the Settlement Agreement), the named Plaintiffs and settlement class members will release Defendants from any and all claims brought or that could have been brought in this litigation against Defendants relating to coverage of or benefits for hearing aids and associated services by members of the settlement class.

**E.    Attorney Fees, Costs, and Incentive Awards**

The Agreement provides that class counsel shall apply for attorney's fees under the common fund/common benefit doctrine, in an amount up to, but not exceeding, 35% of the Settlement Amount, which is subject to review and approval by the Court. *Id.*, ¶¶6.3, 10.1. The Agreement also contemplates that class counsel shall apply to the Court for reimbursement of litigation costs, including the cost of class notice, to be paid out of the Settlement Amount. *Id.*, ¶¶6.3, 10.2. A case contribution award of $15,000 for each of the Named Plaintiffs, totaling $30,000, shall be requested from the Court to be paid out of the Settlement Amount. *Id.*, ¶10.3.

## V.    LAW AND ARGUMENT

This motion requests three separate items: (1) that the Court preliminarily approve the Settlement Agreement; (2) that the Court approve the written notices and

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 10
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303    FAX (206) 223-0246

claim forms; and (3) that the Court set a schedule for distribution of notices and claim forms, dates for opt-outs, comments and objections and a final approval hearing.

**A.    Legal Standards for the Approval of a Class Action Settlement Agreement**

Compromise of complex litigation is encouraged and favored by public policy. *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). Federal Rule of Civil Procedure 23 governs the settlement of certified class actions and provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). The Court must consider the settlement as a whole, "rather than the individual component parts," to determine whether it is fair and reasonable. *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003); *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("The settlement must stand or fall in its entirety").

Fed. R. Civ. P. 23(e) sets forth the following procedures:

(1)    The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

(2)    If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

(3)    The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4)    If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5)    Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 11
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

*Id.*

Judicial review of a proposed class settlement typically requires two steps: a preliminary approval review and a final fairness hearing. Preliminary approval is not a commitment to approve the final settlement; rather, it is a determination that "there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Professional Billing & Management Services, Inc.*, 2007 WL 4191749, *1 (D.N.J. 2007) (*citing In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) ). *See also Nat'l Rural Telecomms. Coop. v. DIRECTTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004); Manual for Complex Litigation (4th), § 21.632 at 320 (2004). If the settlement is preliminarily approved by the Court, then notice of the proposed settlement and the fairness hearing is provided to class members. At the fairness hearing, class members may object to the proposed settlement, and the Court decides whether the settlement should be approved.

As part of the Court's deliberations on whether to grant preliminary approval, it should consider factors including:

> [T]he strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Staton*, 327 F.3d at 959. Some of these factors, such as the reaction of class members, can only be gauged after preliminary approval and notice is provided. Especially at this preliminary phase, the question is not "whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 12
[Case No. 2:17-cv-1609-RAJ]

Sirianni Youtz
Spoonemore Hamburger pllc
3101 Western Avenue, Suite 350
Seattle, Washington 98121
Tel. (206) 223-0303   Fax (206) 223-0246

In this case, the parties negotiated extensively at arm's length, both independently and with the help of Mr. Peterson, to arrive at a comprehensive Settlement Agreement that will provide reimbursement for significant back benefits to Plaintiffs and the class stretching back to October 30, 2014 through the end of this calendar year. Changes in Washington law have resolved the prospective coverage at issue. *See* RCW 48.43.135. Accordingly, the settlement does not need to include prospective relief. The settlement is patently fair and adequate and was not the result of collusion between the parties. *See also App. 1*, ¶4.2 (Settlement was the result of arm's length negotiations); *see also Schmitt,* 2024 U.S. Dist. LEXIS 71166, at *9.

**B.    Plaintiffs' Case Is Strong, But the Risk that Litigation Could Go on for Even More Years Was Also High**

Plaintiffs believe that their claims under the ACA were very strong and that they would have prevailed on summary judgment or at trial. The proposed settlement reflects a position of strength. It provides for reimbursement of class members' claims for what is likely to be 30–60% of their out-of-pocket expenses related to back benefits, as well as payment of attorney fees, litigation costs, settlement expenses, and an incentive award for named Plaintiffs. Spoonemore Decl. ¶¶10-11. This resolution achieves a complete resolution of the class's claims for past costs incurred for the wrongly excluded hearing aids and associated services without further delay and without incurring additional attorney fees and costs that further litigation, including appeals, that likely would have followed trial in this matter. Here, compensation for past uncovered benefits sooner is far more valuable than the possibility of additional monetary damages after more years of litigation. This is particularly true here where the class claims stretch back about 11 years.

Also, this case required the adjudication of several issues of first impression, including some on which this Court did not reach the same conclusion as did another court in this District. This inevitably injects uncertainty into proceeding with litigation

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 13
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

and a possible appeal. Plaintiffs allege that Defendants' exclusion of coverage of Hearing Aids and Associated Services discriminates against class members with hearing disabilities, in violation of Section 1557 of the Affordable Care Act, and Washington state law barring discrimination in insurance benefit design, found in RCW 48.43.0128. Dkt. No. 65, ¶¶127-136. Since the ACA took effect in 2010, there has been limited litigation alleging disability discrimination claims under Section 1557 and Class counsel is aware of only two other cases besides *Schmitt* involving claims that hearing aid coverage exclusions violated Sec. 1557, both brought by Plaintiffs' counsel. *See Delessert v. Kaiser Found. Health Plan, Inc.,* No. 2:24-cv-02087-JNW, 2025 U.S. Dist. LEXIS 168139 (W.D. Wash. Aug. 28, 2025*); Stanic Rasin v. Cigna Health and Life Insurance Co.,* No. 2:25-cv-00407-CDS-DJA (U.S. Dist. of Nev.). Moreover, no reported appellate case analyzes the meaning or application of RCW 48.43.0128. Plaintiffs' counsel are steadfastly convinced that these statutes are best interpreted and applied to forbid discriminatory exclusions of hearing aid coverage, such as those imposed on class members in this case. However, the paucity of caselaw applying these statutes, particularly in the present context, creates uncertainty regarding the result at trial. It also increases the likelihood of an appeal by Regence, even if Plaintiffs were to prevail at trial. The Settlement Agreement's promise of prompt and likely substantial reimbursement for class members' hearing aids and associated treatments more than outweighs any potential benefit from taking the case to trial.

## C.     The Amount Offered in Settlement Is Fair, Adequate and Reasonable

The Settlement Fund of $3,000,000 is fair, adequate, and reasonable.  Based upon class counsel's experience with similar cases in which they represented classes in challenges to health insurance service exclusions, class counsel believes that the Settlement Fund amount is sufficient to pay all claims of settlement class members at a rate of 30–60%. *See* Spoonemore Decl. ¶¶10-11. In *Schmitt,* the reimbursement percentage

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 14
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

paid was 50.78%.[4] *Id.* Class counsel will report the expected *pro rata* payment rate to the Court before the fairness hearing. *Id.*[5] Even if counsel's projections are off—which historically has not been the case—the settlement amount will provide substantial, immediate, and significant compensation to claimants. It would do so without incurring the risks of class certification, summary judgment, trial, and appeals which could delay final resolution of this litigation many more years.

**D.    The Settlement Agreement Provisions Governing Attorney Fees and Costs Are Fair and Reasonable**

The Settlement Agreement provides that class counsel shall apply for attorney fees under the common fund/common benefit doctrine. *App. 1,* § 10.1. The Agreement does ***not*** contain a "clear sailing" provision—anyone, including the Defendants, can challenge any fee request. *Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1050 (9th Cir. 2019) ("Although clear sailing provisions are not prohibited, they 'by [their] nature deprive[] the court of the advantages of the adversary process' in resolving fee determinations and are therefore disfavored.") (*quoting Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 525 (1st Cir. 1991)).

Class counsel may seek an award of up to 35% *See App. 1,* §10.1. *See, e.g., Schmitt,* 2024 U.S. Dist. LEXIS 71166 at *9 (awarding 33 1/3% of the common fund due to plaintiffs' counsel's "excellent result"). At this stage, the Court need not presently consider whether 35%, or any other level, is the appropriate fee award. Rather, the issue

---

[4] In *Schmitt,* the Claims Administrator received over 900 claims, which was higher than expected. Spoonemore Decl. ¶11. Given the similar claims process, we anticipate a proportionately similar response rate in this case (which has a larger number of class members), if the settlement is approved as proposed. *Id.*

[5] The settlement fund created in *Schmitt* was also $3,000,000. Spoonemore Decl. ¶11. The number of class members in *E.S.* is likely to be larger than the settlement class was in *Schmitt.* However, the proposed *E.S.* spans eleven years, and includes many fairly old claims. Older claims are likely to have a lower response rate than more recent ones. *Id.* Additionally, Regence provided limited hearing aid coverage in some plans, which may reduce the amounts ultimately approved. *Id.* These and other distinctions make it difficult for Class counsel to estimate the pro rata payment more precisely at this point.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 15
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303    FAX (206) 223-0246

is whether the Agreement as a whole, including its provision allowing class counsel to apply for an attorney's fee award is fair and reasonable. Preliminary approval of the Agreement does not bind the Court to any provision of attorney fees. *See, e.g., Jones v. GN Netcom, Inc.,* 654 F.3d 935, 945 (9th Cir. 2011) (the Ninth Circuit's rejection of a fee award does not necessitate invalidation of the trial court's approval of a settlement agreement).

The Agreement also provides for the payment of class counsel's out-of-pocket costs and expenses. *App. 1,* § 10.2. Like the request for fees, class counsel's reimbursement request must also be reviewed and approved by the Court. *Id.*

**E.    The Settlement Agreement's Incentive Award Provision Is "Fair, Adequate and Reasonable"**

The Settlement Agreement also permits class counsel to seek case contribution awards for the named class representatives. *Id.,* § 10.3. The Ninth Circuit has established the factors to consider when reviewing incentive awards for named plaintiffs. The Court must consider "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, the amount of time and effort the plaintiff expended in pursuing the litigation and reasonable fears of workplace retaliation" when determining whether an incentive award is appropriate. *Staton,* 327 F.3d at 977, citing *Cook v. Niedert,* 142 F.3d 1004, 1016 (7th Cir. 1998). "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook,* 142 F.3d at 1016 (approving a $25,000 incentive award); *see, e.g., Louie v. Kaiser Found. Health Plan, Inc.,* 2008 U.S. Dist. LEXIS 78314, 18 (S.D. Cal. Oct. 6, 2008) (preliminary approval of a $25,000 incentive award where named plaintiffs "have protected the interests of the class and exerted considerable time and effort by maintaining three separate lawsuits, conducting extensive informal discovery, hiring experts to analyze discovered data and engaging in day-long settlement negotiations with a respected mediator").

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 16
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Here, Plaintiffs E.S., through her parents, and Sternoff dedicated substantial time, effort, and risk to protect the interests of the class. They gathered and organized documents related to their or their child's hearing condition. Spoonemore Decl. ¶16. They appealed the denials of coverage. *Id.* They participated in mediation and were involved in all settlement negotiations. *Id.* At this point, the Court need not decide whether such an incentive award should be ordered. The Court should conclude that the provision in the Settlement Agreement permitting class counsel to seek an incentive award of up to $15,000 for the parents of E.S. and for Plaintiff Sternoff, for a total of $30,000, does not render the proposed Settlement Agreement unfair or a product of collusion.

### F.    The *Cy Pres* Provision Is Reasonable

At present, Plaintiffs' counsel does not expect any funds to remain after the payments directed by the Settlement Agreement are distributed. *Id.,* ¶10. If there are excess funds, none will revert to Defendants. *App. 1*, § 6.6. Any remaining funds after the payment of claims, attorney fees, litigation costs, and incentive awards, will be distributed first to the Washington State Communication Access Project, a nonprofit organization dedicated to enabling persons who are hard of hearing to fully enjoy public venues. *Id.; see* https://wash-cap.com. If the excess funds exceed $300,000, then the remainder will be distributed to the Legal Foundation of Washington to further distribute to organizations dedicated to advocacy on behalf of persons who are deaf or hard of hearing. *Id.* These organizations will be required to report to the Court and the parties regarding their use of the *cy pres* funds. *Id.*

Class members will be informed of their right to comment and/or object to these *cy pres* recipients and more generally to the *cy pres* provision to distribute unclaimed funds paid out under the Settlement Agreement. *App. 2.* This is recognized as a proper procedure to award *cy pres* funds. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 17
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Cir. 2009) (Propriety of *cy pres* considered once it is clear that funds will be available); *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 180 (3d Cir. 2013) ("Class members know there is a possibility of a *cy pres* award and that the Court will select among recipients proposed by the parties at a later date. This knowledge is adequate to allow any interested class member to keep apprised of the *cy pres* recipient selection process. We are confident the Court will ensure the parties make their proposals publicly available and will allow class members the opportunity to object before it makes a selection."); *In re Netflix Privacy Litig.*, 2013 U.S. Dist. LEXIS 37286, *5-6 (N.D. Cal. 2013) (approving settlement agreement, where list of potential *cy pres* recipients and explanation of the funds' intended use was provided in the Final Approval Motion as well as posted on the litigation website.).

**G.      The Settlement Was the Result of Arm's-Length Negotiations**

This case was extensively negotiated at arm's length over many months. *App. 1*, ¶4.2. It involved mediation with the assistance of Louis Peterson, Esq. This was followed by extensive negotiations first to reach a long-form agreement without a financial component, followed by mediated process to reach agreement on the amount of the settlement fund, ultimately agreeing upon $3,000,000.  Spoonemore Decl. ¶¶5-6, 10-11. The settlement was the result of a fair, arm's-length process.

**H.      There Was Sufficient Discovery**

Even a casual look at the docket shows this action's long history—this was not an early settlement.  Filed in 2017, the parties have been battling for years, during which time significant informal and some formal discovery occurred. Spoonemore Decl. ¶3. Plaintiffs' counsel has further benefited from serving as Plaintiffs' counsel in *Schmitt*, which provided a broader and deeper understanding of the key issues in this case in the insurance, legal and medical contexts than might otherwise have been garnered without more discovery.  Moreover, significant claims data and other informal discovery was

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 18
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

produced by Regence as part of the parties' settlement negotiations to estimate the total amounts of costs for reimbursement of class members' out of pocket costs for hearing aids and associated treatment during the class period.  *Id*.  The Parties' exchange of relevant information was more than sufficient to reach a settlement of this matter.

**I.    Class Counsel are Experienced in Similar Litigation and Recommend Settlement**

Class counsel are very experienced in similar class action litigation, and strongly recommend that the Settlement Agreement be approved.  Spoonemore Decl. ¶¶17, 19-32.

**J.    The Proposed Notice, Opportunity to Submit Objections and Fairness Hearing Are Sufficient to Safeguard the Interests of Class Members**

The Court should also approve the proposed notice material and direct that it be sent to class members according to the process outlined in the Settlement Agreement. *See App. 2(a)-(b).* The long-form notice adequately summarizes the Agreement, informs class members how to get further information, explains how class members can file objections, including objections to a motion for fees and incentive award, and informs class members of the date and time of the settlement approval hearing.  It also explains the process for submitting claims online and offers a written option for submitting claims. *App. 2(a).* The short-form postcard notice alerts potential class members to this action, and directs them to more detailed information—including the long-form notice. *App. 2(b).*  The parties have also agreed upon the claim forms and instructions to be used by the Claims Processor, which are provided to the Court as a courtesy.  *See App. 2(c)–(f).*

**K.    A Final Approval Hearing Should Be Set**

Class members with comments, concerns, or objections to any aspect of the Settlement Agreement should be provided with an opportunity to submit written material for the Court's consideration.  Class members who wish to appear in person to

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 19
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

address the Court with any comments, concerns or objections should also be provided with an opportunity to appear at a hearing before the Court decides whether to finally approve the Settlement Agreement.

Class members who wish to appear in person should notify the Court and the parties of their desire to be heard, along with a statement of the issue or issues that they would like to address. The proposed notice and proposed order submitted with this motion require that such notice be given so that the Court and the parties can consider and address the specific issues that class members wish to raise at the hearing. Finally, the Class requests that the Court set a hearing date to consider class members' comments and to decide whether the Settlement Agreement should be finally approved and implemented.

**L.      Proposed Scheduling Order**

Plaintiffs propose that the Court issue a scheduling order along with preliminary approval of the Settlement Agreement. The proposed Order includes a proposed schedule which includes deadlines for: (1) sending class notice, including following up on any notices that were returned after being sent to their initial address; (2) Class counsel to file a motion for attorney fees, costs and incentive awards; (3) class members to file comments and objections with the Court; and (4) the filing of a motion for final approval of the Settlement Agreement. Plaintiffs' counsel has met and conferred with Regence's counsel on the form of the proposed order, and Regence does not object to its entry. Spoonemore Decl. ¶2.

**VI.   CONCLUSION**

Plaintiffs respectfully request that the Court:

(a)      preliminarily approve the Settlement Agreement;

(b)      authorize the mailing of notice to the settlement class members; and

(c)      establish a final settlement approval hearing and process.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 20
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

DATED: September 25, 2025.

*I certify that the foregoing contains 6,437 words, in compliance with the Local Civil Rules.*

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

_s/ Richard E. Spoonemore_
Eleanor Hamburger (WSBA #26478)
Richard E. Spoonemore (WSBA #21833)
Daniel Gross (WSBA #23992)
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246
Email: ehamburger@sylaw.com
          rspoonemore@sylaw.com
          dgross@sylaw.com

Attorneys for Plaintiffs

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT ETC. – 21
[Case No. 2:17-cv-1609-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246