HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.S., by and through her parents, R.S. and J.S., and JODI STERNOFF, both on their own behalf, and on behalf of all similarly situated individuals,<br><br>             Plaintiffs,<br><br>     v.<br><br>REGENCE BLUESHIELD; and CAMBIA HEALTH SOLUTIONS, INC., f/k/a THE REGENCE GROUP,<br><br>             Defendants. | Case No.  2:17-cv-01609-RAJ<br><br>ORDER |

ORDER - 1

THIS MATTER comes before the Court on Plaintiffs' unopposed motion (1) for preliminary approval of settlement agreement; (2) for approval of class notice package; and (3) to establish a final settlement approval hearing and process, Dkt. # 88 ("Motion for Preliminary Approval"). The Court has reviewed the motion, the submissions in support of the motion, the Parties' Settlement Agreement executed as of July 31, 2025, (the "Agreement" or the "Settlement Agreement"), and the balance of the record. The Court **GRANTS** Plaintiffs' Motion for Preliminary Approval and **ORDERS** as follows:[1]

1. Based on the record before it, the Court tentatively finds, pursuant to Federal Rule of Civil Procedure 23(e), that the Agreement attached as *Appendix 1* to the Motion for Preliminary Approval is fair, reasonable, and adequate. The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; (b) there is no evidence at this stage of the proceedings of fraud, collusion, or overreaching or that the rights of absent Class Members were disregarded; and (c) counsel has sufficient experience in similar litigation to propose the Agreement. The Court's preliminary approval is subject to change pending the outcome of the final settlement approval hearing ("Fairness Hearing") established herein.

2. The Court finds that the proposed Class Notice, attached as *Appendix 2a*, meets the requirements of Federal Rule of Civil Procedure 23, due process, and the applicable law in that it fairly and adequately describes the terms of the Agreement, including the attorneys' fees and costs sought by Class Counsel and Named Plaintiffs' ability to seek Incentive Awards; gives notice of the time and place of the Fairness Hearing; and describes how a Class Member may comment on, object to, or support the Agreement. The Court also finds that the postcard notice attached as *Appendix 2b* fairly

---

[1] The initial capitalization of terms used in this Order and not defined herein shall have the meanings assigned to them in the Agreement.

and reasonably apprises potential class members of the action, and directs them to a webpage and/or phone number to receive and/or review copies of the full notice and claims package.

3.   The Court appoints Epiq to act as the Notice and Claims Processor ("Claims Processor") with the powers and responsibilities set forth in Sections 1.2, 2.2.3 and 6 of the Agreement.

4.   The Court authorizes and directs Defendants Regence BlueShield and Cambia Health Solutions, Inc., f/k/a the Regence Group, or a designated agent to transmit the names, addresses and email addresses (where known) of the Class Notice Recipients located after a reasonable search to the Claims Processor within 40 days of the entry of this Order. This Order is intended to satisfy 45 C.F.R. § 164.512(e)(1)(i).

5.   With respect to Class Notice Recipients whose email address is supplied by Regence, the Court directs the Claims Processor to email the Class Notice. All other Class Notice Recipients shall be mailed the postcard notice so that they may review the Class Notice on the Claims Processor's website or request a copy of the Class Notice to be mailed or emailed to them.

6.   With respect to Class Notice Recipients who previously made a claim to Regence for hearing aid(s) and/or associated services during the class period, the Claims Processor is directed to create online pre-populated claim forms with that existing claims information, as reflected in the Settlement Agreement. If requested by a class member, the Claims Processor may mail a copy of the pre-populated claim form to a class member.

7.   The Claims Processor shall complete the initial emailing and mailing within 30 days after receipt of the names, mailing addresses and, if available, email addresses of the Class Notice Recipients from Defendants. The Claims Processor will submit a declaration to the Court confirming its compliance with the class notice

ORDER - 3

procedures contained in this Order within 45 days of receipt of Class Notice Recipients mailing and emailing information.

8. The Claims Processor shall establish a settlement web page available to the public within 30 days of the date of this order. The web page shall, at minimum, contain the Settlement Agreement, Class Notice, online claim forms and instructions, a description of the action, deadlines and key pleadings (including, without limitation, the motions for approval and orders certifying the settlement class and preliminarily approving the agreement) as described in Section 2.2.3.2 of the Agreement. Class Counsel is directed to work with the Claims Processor to supply all needed documents for the website.

9. The Court concludes that direct notice by email, where email addresses are available, and by direct U.S. mail, as described above, to the Class Notice Recipients, in addition to web-based notice, is the best notice practicable under the circumstances and complies with the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law. The Court notes that a nearly identical notice plan was approved and ultimately successful at appropriately notifying affected class members. *See Schmitt, et al. v. Kaiser Foundation Health Plan of Washington et al.*, No. 2:17-cv-1611-RSL (W.D. Wash).

10. Not more than five (5) days after the date of this Order, Defendants shall provide any notices and materials that may be required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

11. A Fairness Hearing to consider whether the proposed Agreement is fair, reasonable, and adequate and should be finally approved is scheduled for March 20, 2026, at 9 a.m., at the United States Courthouse, 700 Stewart Street, Suite 13128, Seattle, WA 98101.

12. A Class Member who wishes to comment on or object to the Agreement must submit written comments and/or objections to the Court no later than March 6, 2026.

13. A Class Member who wishes to appear at the Fairness Hearing may do so if he or she submits written notice to the Court, with copies to counsel, that he or she intends to appear in person or through counsel. In that written notice of intent to appear, the Class Member must describe the nature of his or her comment or objection. Written notice of intent to appear must be filed with the Court and mailed to counsel by March 6, 2026.

14. A Motion for Final Approval of the Agreement, together with any supporting declarations or other documentation, must be filed no later than March 13, 2026. Class Counsel shall also mail and, if an address is available, email the Motion for Final Approval to all Class Members who object to the Agreement or file written notice with the Court that they intend to appear at the Fairness Hearing.

15. Claims by Class Members must be received by the Notice and Claims Processor no later than February 3, 2026.

16. Class Counsel shall file any motion for an award of attorneys' fees or reimbursement of expenses or costs and any motion for an Incentive Award on behalf of a Named Plaintiff no later than February 18, 2026.  Class Counsel shall post this motion on the web page maintained by the Claims Processor within three days of its filing with the Court.

17. The Claims Processor shall establish a trust account into which Defendants shall cause that portion of the Settlement Amount as described in Section 6.2.1.1 of the Agreement to be paid within 30 days of the date of this Order. The trust account shall constitute a "qualified settlement fund" within the meaning of Internal Revenue Code

1 § 468B and Treas. Reg. § 1.468B-1, *et seq*. The Qualified Settlement Fund shall remain subject to the jurisdiction of the Court, until such time as the Settlement Amount is distributed pursuant to the Agreement and/or further order(s) of the Court. In order to fund notice, the Notice and Claims Processor, with advance notice to each party, may withdraw from the Qualified Settlement Fund amounts to pay its invoices prior to final approval.

18. Neither Defendants nor Defendants' counsel shall have any responsibility for the distribution of the Qualified Settlement Fund, or any application for attorneys' fees or reimbursement of expenses or for a Case Contribution Award for any Named Plaintiff submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Agreement.

19. All reasonable expenses incurred by the Notice and Claims Processor in sending the Class Notice, as well as administering the Qualified Settlement Fund, shall be paid as set forth in Sections 6.2, 6.2.1.1, and 6.3 of the Agreement, and/or otherwise in accordance with this Order.

20. Pending final determination of whether the Agreement should be approved, (a) all proceedings in this Action unrelated to the Agreement shall be stayed, and (b) neither Named Plaintiffs nor any Class Member, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute against any of the Releasees any action or proceeding in any court or tribunal asserting any of the Class Released Claims.

21. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to Class Members, and it retains jurisdiction to consider all further applications arising out of or connected with the Agreement. The Court may approve the Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

Dated this 22nd day of October, 2025.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 7